52  263
67  437

## SINGER MANUFACTURING COMPANY v. SKILLMAN.

A judgment in trover, without satisfaction, will not change the title of the thing converted.

One William J. Scott received from the plaintiff a sewing machine on hire with a right to purchase, &c. ; that Scott failing to fulfill his stipulations with respect to payment, the plaintiff, in conformity to a condition to that effect in the article of hiring, demanded possession of the machine, which demand was refused and the machine was removed by Scott to some place unknown ; thereupon the plaintiff brought an action of trover against Scott and obtained judgment; this judgment being unsatisfied, and the plaintiff finding the machine in the possession of the defendant Skillman, brought trover against him.

The case was certified to this court for its advisery opinion.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff, *Walter F. Hayhurst* and *R. V. Lindabury.*

For the defendant, *Chas. A. Skillman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The single question for the consideration of this court is, whether a judgment in trover without satisfaction, passes the title of the property converted to the wrongdoer. The reasons are so conclusive and the decisions so numerous in favor of the negation of this proposition, that all discussion of the subject seems to the court to be superfluous. There are in some of the cases in this court to be found a few judicial expressions which, it may be, are susceptible of being construed as supporting the opposite theory ; but the question was never presented for adjudication, and it

was on account of such rather loose intimations that it was deemed proper to refer the matter to this court for authoritative decision.

In the case of *Lovejoy* v. *Murray*, 3 *Wall.* 1, Mr. Justice Miller says: "In reference to the doctrine that the judgment alone vests the title of the property converted in the defendant, we have seen that it is not sustained by the weight of authorities in this country. It is equally incapable of being maintained on principle." In this view this court concurs.

The plaintiff is entitled to judgment.