## WILLIAM KENNEALY v. MATTHEW LEARY.

Submitted November 20, 1901—Decided February 24, 1902.

1. Penal statutes of one state can have no operation in another—they are strictly local in their effect.
2. A statute which gives a remedy for an injury, against him by whom it is committed, to the person injured, and to him alone, and limits the recovery to the mere amount of the loss sustained, belongs to the class of remedial statutes.
3. The New York statute against gaming, like our own, is a remedial statute giving a right of action both against the stakeholder and the principal to whom he pays the money. A judgment in New York against the stakeholder, which is unsatisfied, is no bar to a suit in this state against the principal.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Horace L. Allen.*

For the defendant, *Maximilian T. Rosenberg.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was brought by Kennealy in the First District Court of Jersey City to recover money bet on a dog fight in New York.

The money was paid by the stakeholder to Leary, the defendant below, who resides in New Jersey.

The New York statute, which was duly proved, provides as follows:

"Section 8. All wagers, bets or stakes made to depend upon any race or upon any gaming by lot or chance, or upon any lot, chance, casualty or unknown or contingent event whatever, shall be unlawful. All contracts for or on account of any money or property or thing in action, so wagered, bet or staked shall be void.

"Section 9. Any person who shall pay, deliver or deposit any money, property or thing in action upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not."

Prior to this suit in New Jersey, the plaintiff recovered a judgment in New York against the stakeholder, which is not satisfied.

The New York statute is substantially like our own, and therefore the question as to the policy of permitting a recovery in this state does not arise.

Penal statutes of one state can have no operation in another; they are strictly local and can be enforced only in the state adopting them. *Ogden* v. *Folliett,* 3 *Tenn.* 726; *Barnes* v. *Whitaker,* 22 *Ill.* 606; *First National Bank* v. *Price,* 33 *Md.* 487; *Derrickson* v. *Smith,* 3 *Dutcher* 166.

The first question to be considered is whether the Gaming act of New York is a penal or a remedial act.

The New York statute has been regarded by the New York courts as a remedial statute in the following cases: *Ruckman* v. *Pitcher,* 1 *N. Y.* 392; *Story* v. *Brennan,* 15 *Id.* 524; *Ruckman* v. *Pitcher,* 20 *Id.* 9.

In *Boice* v. *Gibbons,* 3 *Halst.* 324, 330, Chief Justice Ewing distinguished a remedial statute as follows:

"A statute which gives a remedy for an injury, against him by whom it is committed, to the person injured, and to him alone, and limits the recovery to the mere amount of the loss sustained, belongs clearly to the class of remedial statutes."

The same distinction was observed in *Blaine* v. *Curtis,* 59 *Vt.* 120.

Applying this test, the New York statute must be regarded as remedial, and entitled to a liberal and beneficial construction to suppress the mischief aimed at.

The right of action to recover money received by the defendant and due to the plaintiff was complete in New York, and that right of action must, as in other cases of debt, follow the person of the plaintiff and continue to be a right of action against the defendant in this state. *Cory* v. *Freeholders*, 18 *Vroom* 181.

The remaining question is whether the judgment in New York, which is unsatisfied, is a bar to the suit against the defendant here.

This question is exhaustively discussed by Mr. Justice Miller in *Lovejoy* v. *Murray*, 3 *Wall*. 1, where it is held that nothing short of full satisfaction can make the prior judgment a bar.

In *Singer Manufacturing Co.* v. *Skillman*, 23 *Vroom* 263, Chief Justice Beasley expressed his concurrence in the conclusion of Mr. Justice Miller in Lovejoy v. Murray.

The recovery of the judgment in New York against the stakeholder constituted no bar to the suit in this state; the satisfaction of that judgment hereafter will entitle the defendant in the suit here to the intervention of our court to restrain proceedings for satisfaction here except as to costs.

There was no error in the overruling of testimony.

The judgment of the District Court should be affirmed, with costs.