LOUIS K. WILKINS AND CHARLES W. WILKINS v.
STANDARD OIL COMPANY.

Submitted December 7, 1903—Decided February 23, 1904.

1. A count in tort which avers that defendant sold petroleum upon
   a representation that it was pure and unadulterated, and would
   not generate inflammable or explosive gas, and avers that it was
   impure and adulterated, and generated gas which exploded, but
   fails to charge fraud or knowledge on the part of the defendant,
   does not show a cause of action.
2. A count in tort with the like averments, and an additional aver-
   ment that the defendant "knew, or by the exercise of reasonable
   care might have known," the defective quality of the oil, also
   fails to show a cause of action.

In tort. On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
HENDRICKSON and SWAYZE.

For the plaintiffs, *Watkins & Avis.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

SWAYZE, J. This is an action of tort. The first count
of the declaration avers that the plaintiffs were the owners
in fee of certain real estate, and as partners carried on the
business of buying and selling general merchandise and oils;
that the defendant was engaged in the manufacture and sale
of petroleum oils and gasoline; that the defendant repre-
sented to the plaintiffs that the petroleum oils of defendant
were pure and unadulterated, and would not generate or
collect inflammable or explosive gas; that the plaintiffs, rely-
ing upon such representations, purchased a quantity of said

oils, and that the defendant delivered and put the same oils in a tank in the plaintiffs' building; that the oils were of an impure and adulterated character, so that they evaporated and generated and accumulated in the tank an inflammable and explosive gas; that there was a violent explosion of the gas, whereby the buildings of the plaintiffs were burned and their stock of goods destroyed.

The second count contains substantially the same averments, and further avers that the defendant "well knew, or by the exercise of reasonable care might have known," that the oil was impure and adulterated, and likely to generate inflammable or explosive gas, and also knew that the oil was to be used for lighting and to be sold to the public; and that the defendant failed to warn the plaintiffs of its dangerous properties.

The first count fails to aver a cause of action. The pleader appears to have had in mind a breach of warranty on a sale of goods, but he fails to aver any such contract and he frames his action in tort. If it is meant to charge the defendant with deceit it fails, because it does not aver that the defendant knew the representation to be false. *Byard* v. *Holmes, 5 Vroom* 296; *Cowley* v. *Smyth,* 17 *Id.* 380.

The second count might perhaps be sustained as showing deceit if the pleader had been content with averring that the defendant well knew that the oil was likely to generate explosive gas, but he has qualified the averment of the defendant's knowledge by adding the words "or by the exercise of reasonable care might have known." This is inconsistent with the averment of actual knowledge immediately preceding and shows, at the utmost, only negligence on the part of the defendant. Taking the language, as the rule requires, against the pleader, it fails to show even negligence with the required certainty. The averment is not that by the exercise of reasonable care the defendant *would* have known the inflammable or explosive character of the oil, but only that he *might* have known it. This merely indicates a possibility, and fails to exclude the possibility that even with the exer-

cise of reasonable care the defendant might not have known the character of the oil.

Whether we regard these counts as counts in contract,' as counts for deceit or as counts for negligence, they are defective.

The defendant is entitled to judgment upon the demurrer.