## LOUIS K. WILKINS AND CHARLES W. WILKINS v. STANDARD OIL COMPANY.

Submitted July 8, 1904—Decided November 7, 1904.

A declaration which joins in a single count a claim upon contract with a claim in tort, is bad upon general demurrer.

---

On demurrer to amended declaration.

Before GUMMERE, CHIEF JUSTICE. and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiffs, *Watkins & Avis.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

SWAYZE, J. Since the opinion was filed in this case (41 *Vroom* 449) the plaintiffs have filed an amended declaration, which seems to set out a cause of action upon contract; but if so, it is demurrable, because the action is in tort. Such a defect is the subject of a general demurrer. Illustrations of the rule may be found in *Flanagan* v. *Camden Mutual*

*Insurance Co.*, 1 *Dutcher* 506; *Gregory* v. *Thomson*, 2 *Vroom* 166; *Van Blarcom* v. *Delaware, Lackawanna and Western Railroad Co.*, 20 *Id.* 179; *Mercantile Bank* v. *Frost*, 33 *Id.* 476.

The plaintiff argues that the declaration sets forth a cause of action for negligence. The declaration first avers a contract to sell the plaintiffs' pure petroleum oil and a failure to deliver pure petroleum oil. This, however, sets up a contract and a breach and cannot be turned into a count in tort by the averment that the defendant "did not use due and proper care that the plaintiffs should be furnished and supplied with pure petroleum oil." If it could, every breach of contract could be the subject of an action of tort.

The declaration proceeds to aver a failure to warn the plaintiffs of the dangerous character of the oil furnished. Although it avers that the defendant "well knew, or by the exercise of reasonable care would have known" the dangerous character of the oil and leaves it therefore uncertain whether the negligence relied upon is the failure to warn or the failure to exercise reasonable care to ascertain the danger, we might, perhaps, treat the declaration as averring a cause of action in tort. That would not lead us to sustain the declaration, for these averments are coupled with those already referred to, which aver a breach of contract. The defendant is entitled to know whether the action is for breach of contract or for negligence, and this cannot be ascertained from this declaration. In *McDermott* v. *Morris Canal and Banking Co.*, 9 *Vroom* 53, a demurrer to a declaration was sustained because two counts were in tort and one in contract, and this was necessarily held to be a manifest misjoinder. In the present case the two causes of action are joined in the same count. The defendant cannot safely plead to such a declaration; he cannot decide whether to plead *non assumpsit* or not guilty; nor could the court upon the trial decide what issue to submit to the jury; nor can any proper record of a judgment be made up.

The defendant is entitled to judgment upon the demurrer.