## CHARLES S. KING, TRUSTEE, DEFENDANT IN ERROR, v. ARTEMISIA MORRIS, PLAINTIFF IN ERROR.

Argued November 9, 1905—Decided February 26, 1906.

1. A general demurrer to a declaration containing a count in replevin and counts in trover for misjoinder of causes of action is good.
2. After a general demurrer to a declaration for misjoinder the plaintiff cannot obviate the objection by abandoning one of the counts.
3. It is not permissible to declare in trover where the action is in replevin.

On error to Camden Circuit.

Before Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *George M. Bacon* and *G. Dore Cogswell.*

For the defendant in error, *Wilson, Carr & Stackhouse.*

The opinion of the court was delivered by

SWAYZE, J. This was an action of replevin. After issue joined, the plaintiff applied for and was granted leave to amend by inserting counts in trover. To the whole declaration as amended, the defendant demurred for misjoinder of causes of action. The plaintiff thereupon gave notice of a motion to strike out the demurrer as irregular and defective, and so framed as to prejudice, embarrass and delay a fair

trial of the action. The demurrer was stricken out. The defendant excepted and the order was entered on the record, and error is now assigned pursuant to section 110 of the Practice act. *Pamph. L.* 1903, *p.* 569.

The order was erroneous. There was a misjoinder of causes of action. The object of a suit in replevin is to recover the specific property; of a suit in trover, to recover damages for the conversion. The pleas and the subsequent proceedings are altogether different. Such an objection is available upon a demurrer to the whole declaration. *Green* v. *Morris and Essex Railroad Co.,* 4 *Zab.* 486; *American Linen Thread Co.* v. *Sheldon,* 2 *Vroom* 420; *Dale Manufacturing Co.* v. *Grant,* 5 *Id.* 138; *McDermott* v. *Morris Canal and Banking Co.,* 9 *Id.* 53; *Wilkins* v. *Standard Oil Co.,* 42 *Id.* 399.

An attempt was made to cure this difficulty at the trial by abandoning the count in replevin. It was too late after a demurrer for misjoinder. 1 *Chit. Pl.* (*14th Am. ed.*) 206; *Drummond* v. *Dorant,* 4 *T. R.* 360.

The insuperable difficulty in the way of the plaintiff was that his action was in replevin. It would be incongruous to seek to recover in the same suit the specific property and also damages for the conversion, satisfaction of which would pass the title to the defendant. *Singer Manufacturing Co.* v. *Skillman,* 23 *Vroom* 263.

The seventeenth rule of this court expressly excepts the action of replevin from those actions *ex delicto* which are now styled actions of tort. In an action of replevin, counts in trover would be bad on demurrer. The New Jersey cases in point are cited in *Wilkins* v. *Standard Oil Co.,* 42 *Vroom* 399.

The judgment must be reversed. Judgment should be entered for the defendant upon the demurrer unless this court allows the plaintiff to amend.