ERNEST L. BAUER ET AL., APPELLANTS, v. AMELIA HESS, APPELLEE.

Argued February 8, 1908—Decided June 8, 1908.

Where the bailor of goods recovers a judgment for their full value against the bailee, and also has possession of the goods, the satisfaction of such judgment vests in the bailee sufficient property in such goods to enable him to maintain replevin against the bailor for their possession.

On appeal.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *John Milton.*

For the appellee, *Henry Singer.*

The opinion of the court was delivered by

GARRISON, J. This was an action of replevin for the possession of a lot of yokes and collars. The plaintiffs are manufacturers of embroideries and had delivered to them by the defendant some raw material to be made up into yokes and collars. This was done and the articles delivered to the defendant. Thereupon the defendant, claiming that the work was not properly done and that plaintiffs had spoiled the raw material, sued at law and recovered a judgment for the total value of the raw material and for the entire amount paid on account of the work done on it. This judgment the present plaintiffs paid and then brought this suit for the

possession of the goods, which resulted in a judgment which is thus set forth in the state of the case: "The plaintiffs in this case should have filed their set-off or recoupment with the justice of the peace in the small cause court wherein they were defendants."

"There is nothing before this court to show that the goods replevied were at any time the property of the plaintiffs."

This adjudication does not accord the proper legal status to the plaintiffs. Originally the contract between these parties was one of bailment, but by bringing his action for the full value of the goods bailed, and for the entire sum paid on account of the work done on them, the bailor elected to treat his one-time bailment as in fact a sale of the goods. The judgment recovered in the earlier action rested, therefore, upon an implied special *assumpsit,* and its satisfaction transferred the title of the goods to the judgment debtor, at least as against the claim of ownership by the creditor. That this is so in trover is expressly decided in *Outcault* v. *Durling,* 1 *Dutcher* 443, and *Singer Sewing Machine Co.* v. *Skillman,* 23 *Vroom* 263. That the same result follows the satisfaction of a judgment recovered for the full value of property in other forms of action is so upon principle and upon decisions rendered elsewhere. 4 *Cyc.* 331.

In the case before us the plaintiffs, having satisfied the judgment obtained against them by the defendant, who had obtained repossession of the goods, became vested with sufficient property in them to sustain an action for their possession against the defendant, who had accepted such satisfaction, which is as far as we need to go in the present decision. The District Court was therefore in error in holding that the property in the goods was not in the plaintiffs, and, this being so, was consequently in error in adjudging that the plaintiffs' remedy was in the nature of a set-off or recoupment that should have been set up in the earlier action.

The judgment of the District Court of the city of Hoboken is reversed.