Lorimer v. The State.

No. 9576.

LORIMER v. THE STATE.

CRIMINAL LAW.—*Public Indecency.*—*Public Place.*—In a prosecution for public indecency, under section 22 of the act defining misdemeanors, 2 R. S. 1876, p. 466, the allegation in the affidavit charging the offence to have been committed in a public place, viz., "a blacksmith shop, * * then and there a public place," is a sufficient substantive allegation of the public character of the place, on motion to quash. *The State* v. *Sowers*, 52 Ind. 311, distinguished.

SAME.—*Instruction.*—*Private Assembly.*—On the trial of such a prosecution, it was error to refuse to instruct the jury that a shop or other building is the private property of its owner, unless he voluntarily use it so as to give the public a right to enter it at will; and the owner of such building may invite any number of his neighbors into his house or shop, and such assembly would not make such place a public place.

From the Brown Circuit Court.

*J. R. East, W. H. East* and *H. C. Jordan,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *W. C. Duncan,* Prosecuting Attorney, for the State.

WORDEN, J.—Prosecution against the appellant, by affidavit and information, for public indecency. Motion to quash overruled; plea not guilty; trial by jury; conviction and judgment.

The affidavit, which was followed by the information, charged that, on, etc., at, etc., "one Dow Lorimer did then and there make an uncovered and indecent exposure of his person, to wit, his private parts, in a public place, to wit, at the blacksmith shop occupied by James Murphy, in Nashville, Brown county, Indiana; that said shop was then and there a public place, and said unlawful, uncovered and indecent exposure of the person of said Dow Lorimer was made in said public place, to wit, said blacksmith shop mentioned aforesaid, in the presence of divers persons then and there assembled, contrary," etc.

The proceedings were based upon the 22d section of the

act on the subject of misdemeanors, 2 R. S. 1876, p. 466, which provides that "Every person * * * who shall, in any public place, make any uncovered and indecent exposure of his or their person, upon conviction thereof, shall be fined," etc. It is seen that the exposure must be in a public place in order to the commission of the offence, and it is urged that the affidavit is defective in not showing sufficiently that the place alleged was a public one. It may be that a hotel kept for the accommodation of the public, a store kept for the sale of goods to all buyers, or the shop of a mechanic kept for the purpose of doing work for the public, should be regarded as a public place. But a blacksmith shop is not necessarily a public place. Such shop may be kept and used for doing the work of the owner or occupier only, and not that of the public. In that event, it could not be regarded as a public place, any more than the private house or barn of an individual. Now, it is urged that, if the shop was so kept and used as to make it a public place, the facts should have been averred, so that its public character might be made to appear. It is claimed, as we understand the brief, that the statement in the affidavit, that the place was a public one, is only a conclusion or inference from the fact that it was a blacksmith shop. But we regard the statement in the affidavit, in relation to the public character of the place, as a substantial allegation, and not as a mere inference or conclusion. We are of opinion, therefore, that the public character of the place was sufficiently shown in the affidavit, and that the objection urged can not prevail.

The case differs from that of *The State* v. *Sowers*, 52 Ind. 311. There it was alleged that the defendant "was then and there found unlawfully in a state of intoxication in a public place, to wit, at a social party held and had at the residence of Jackson Simmons." It was held that the private house of an individual was not a public place, within the meaning of the statute, and that the indictment was

rightly quashed.    There it was averred that the place was a public one, but what followed under the *videlicet* was repugnant to and contradictory of the allegation.    The explanation under the *videlicet* destroyed the allegation as to the public character of the place.    Here, however, no such inconsistency appears.    Here there was an allegation that the place was a public one, to wit, at a blacksmith shop.    The shop may have been so kept and used as to make it a public place.

We come to some questions arising on the motion for a new trial.    We have the evidence before us, from which it does not appear to us that the case was very well made out, especially in reference to the public character of the place involved.    But we do not place our decision on the insufficiency of the evidence.    The following charge was asked by the defendant and refused, no charge having been given that covered the same ground.    The charge was applicable to the case made by the evidence, and was correct in point of law, and we think the court erred in refusing to give it:    "A shop or other building is the private property of its owner, unless he, of his own volition, so uses them as to give the public a right to enter them at will; and every one owning such building may, by himself or agent, invite any number of his neighbors into his house or shop, and such persons may assemble there pursuant to such invitation, and such assembling would not make such a place a public place, in the legal sense of that term."

The judgment below is reversed, and the cause remanded for a new trial.