## ROXANNA VALLASTER v. ATLANTIC CITY RAILROAD COMPANY.

Argued February 23, 1905—Decided February 28, 1906.

A railroad company, which uses upon its engine a spark arrester in good condition, of a design in common use and approved by experience, is not liable for damages resulting from fire caused by sparks escaping through such spark arrester.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the rule, *Thompson & Cole.*

*Contra, George A. Bourgeois.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought to recover the loss sustained by the plaintiff in the destruction of her property by fire, alleged to have been communicated from sparks thrown by one of the locomotive engines of the defendant company. The defence was that the engine from which the sparks escaped was equipped with a spark arrester of approved pattern, in general use, and that it was in good order on the day when the plaintiff's property was burned.

It appeared in evidence that the defendant used two kinds of spark arresters upon its engines; one, designated the "three-piece netting," upon engines of the compound type (those which use their steam twice), and the other, designated the "four-piece netting" or "box screen," upon its engines of the simple type (that is, those which use their steam once). The engine from which it was claimed the fire had been communicated was a compound engine, equipped with a "three-piece netting" spark arrester. It was testified to, by an

expert witness called on behalf of the defendant company, that there was very little, if any, difference in the effectiveness of these two spark arresters in preventing the escape of fire, and that he knew of no better mechanism for the prevention of the escape of sparks from an engine of the compound type than the "three-piece netting." Upon the cross-examination of this witness, it was shown that the great majority of the engines of the defendant company were equipped with the "four-piece netting;" but on his redirect examination he explained the reason for this condition by stating that the use of the compound engine was being abandoned by the defendant company, and that most of them had been converted into the simple type of engine.

No testimony was submitted by the plaintiff upon the relative merits of these two kinds of spark arresters.

The trial judge, in his charge to the jury, after referring to the evidence as to the use of these two varieties of spark arresters by the defendant, proceeded as follows: "The argument (on behalf of the plaintiff) is that the box screen must be a better spark arrester, because it is used on the single engines, where greater care is required on account of the greater danger; and it is argued further that the box screen must be better than this three-fold wire screen, because they have discarded, as it is stated, the three-fold screen and are using more of the box screens. That is met on the part of the railroad company, as I recollect the testimony, by evidence that they have been gradually discarding the compound engines upon which this three-fold screen was used and adopting the single engine. Now, you see from that evidence, the question for you to decide is whether this three-fold screen was the best practical means to prevent the communication of fire through this locomotive. If it was, that is the end of the case, and your verdict must be for the defendant; if it was not, then your verdict would be for the plaintiff."

On this instruction the jury found in favor of the plaintiff. The only conclusion to be drawn from their verdict is that they understood from the charge of the court that, if they should conclude from the evidence that the "box screen" was

a better appliance for preventing the escape of sparks than the "three-piece netting," they must find the defendant liable for the damage done to the plaintiff's property, and that they so concluded. But such a measure of liability was repudiated by this court in the case of *Hoff* v. *West Jersey Railroad Co.*, 16 *Vroom* 201, upon a similar finding of fact, as will appear from the following extract from the opinion in that case: "It may be that the spark arrester, to the insufficiency of which the fire was attributed, was not as good as certain others which the defendant had in use, and yet it does not thereby follow that the defendant is responsible for the damages occasioned by this fire. Both kinds of screen in question appear to have been in common use, and if, after the exercise of due care and skill, the defendant had adopted them both, in the conviction that they were equally good, or that it was uncertain which was the better, an error in a careful judgment of that kind would not have made the defendant liable for the consequences of such error. The law does not give immunity in these matters only on the ground that in the selection of its instruments an infallible judgment shall be exercised. There is no breach of duty on the part of the company if, in the choice of such an instrument as the one in question, it selects one which is in common use and which has been approved by experience."

The jury having been erroneously instructed as to the test to be applied by them in determining the question of the defendant's responsibility for the burning of the plaintiff's premises, the rule to show cause must be made absolute.