COMMONWEALTH *vs.* ALDEN W. CUMMINGS.

Suffolk.    October 6, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Lewd and Lascivious Conduct. Words,* "Open."

Acts of "gross lewdness and lascivious behavior" were "open" within the meaning of that word as used in G. L. c. 272, § 16, and warranted conviction upon a complaint under that statute, where it appeared that they were committed by the defendant and another man in the main public toilet room adjacent to the public waiting room of a railroad station; that when other persons entered that room the defendant and his companion concealed themselves from indecent exposure but as soon as they were alone again resumed their lewd and lascivious conduct which they manifestly intended should not be observed by others and which was not seen by others using the room during the time they were being secretly watched; and that the room was visited frequently for its legitimate uses by various patrons of the railroad corporation and usually not more than a few moments elapsed at any time without some person thus using it.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on April 29, 1930.

On appeal to the Superior Court, the defendant waived a trial by jury and the complaint was heard by *Williams,* J., who found the defendant guilty and reported the case for determination by this court.

*C. W. Rowley,* for the defendant.

*D. Lasker,* Assistant District Attorney, for the Commonwealth.

PIERCE, J.   Following conviction and sentence in the Municipal Court of the city of Boston upon a complaint under G. L. c. 272, § 16, the defendant appealed to the Superior Court.

In the Superior Court, the defendant filed in writing a waiver of his right to a trial by jury.   At the trial in the Superior Court "after hearing and understanding all matters and things concerning the issue," the trial judge found the defendant guilty and sentenced him to pay a

fine. Thereafter, the trial judge, being of opinion that certain requests for rulings made by the defendant and refused by the judge " were so important or doubtful as to require the decision of the Supreme Judicial Court for the Commonwealth, with the consent of the defendant, reported said case to said Supreme Judicial Court for the determination of said questions, and ordered all further proceedings in said case stayed, pending the decision of the said Supreme Judicial Court."

The defendant requested the following rulings: (1) " That upon all the evidence the Commonwealth has failed to make out a case and the defendant must be acquitted "; (2) " Unless the conduct of the defendant was intentionally open and public as distinguished from that which is intended to be private, covered and concealed, the defendant must be acquitted "; and (3) " To warrant a conviction there must be proof of lewdness and indecency intentionally open. The word ' open ' as used in the statute requires proof that the defendant intended his acts to be of an open character." The judge refused requests 1 and 2 and the defendant duly excepted. The judge further ruled, subject to the exception of the defendant, that the indecent conduct set forth in the testimony, which need not be narrated, in the place described " was sufficient under the circumstances disclosed by the evidence to warrant a conviction under G. L. c. 272, § 16, although the parties intended that they should not be seen by any other persons."

It might have been found that the material facts stated summarily were that the offence charged was committed by the defendant and another man in the main public toilet room adjacent to the public waiting room of a railroad station; that when other persons entered that room the defendant and his companion concealed themselves from indecent exposure but as soon as they were alone again resumed their lewd and lascivious conduct which they manifestly intended should not be observed by others and which was not seen by others using the room during the time they were being secretly watched; and that the

room was visited frequently for its legitimate uses by various patrons of the railroad and usually not more than a few moments elapsed at any time without some person thus using it.

Should the judge find the above stated facts to be true, no issue could properly be raised that the acts of the defendant were not those of " gross lewdness and lascivious behavior " as this phrase is used in G. L. c. 272, § 16. It follows that the only question of substance presented by the requests is, Were the acts of lewdness and lasciviousness " open " as well as " gross? "

In construing Gen. Sts. c. 165, § 6, now G. L. c. 272, § 16, it was said in *Commonwealth* v. *Wardell,* 128 Mass. 52 at page 54, that the " word ' open ' qualifies the intention of the perpetrator of the act "; that the " word ' lewdness ' at common law means open and public indecency; but as used and qualified in the statute it has a broader sense . . . The offence created does not depend on the number present. It is enough if it be an intentional act of lewd exposure, offensive to one or more persons present . . . The fact that the act in a given case was intended as an act of open lewdness is most commonly proved . . . by evidence that it occurred in a public place, or in the presence of many people; but it does not follow that the intentionally open and immodest character of the act may not be equally well proved by other evidence."

In the case here the evidence warranted a finding that the defendant, in a public place, was guilty of gross lewdness and lascivious behavior. It further warranted the finding that the defendant's conduct was intentional both as to the acts and as to the place of their performance. There could be no real secrecy or concealment in such a public place as described in the testimony. The defendant intentionally exposed his person to his companion and submitted to the indecencies if he did not invite them. He knew that the exposure of his person might become visible at any moment to any one who should visit the toilet room, and took his chance of being able

to make an instantaneous concealment of what he and the man with him were doing. On all the evidence we are of opinion that it warranted the finding that the defendant did "commit open and gross lewdness and lascivious behavior," as charged in the complaint; that his requests for rulings were denied rightly; and that the exceptions taken should be overruled and the case stand for further disposition in the Superior Court.

*So ordered.*