COMMONWEALTH *vs.* HENRY ANGUS BISHOP.

Middlesex.　January 8, 1937. — January 25, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Competency, Relevancy, Affecting credibility of witness. *Witness,* Credibility. *Lewd and Lascivious Conduct.*

It was error, at the trial of a complaint, before the defendant had testified or offered to testify, to permit a police officer to testify that the defendant had "admitted to him that he had been arrested previously for a similar offence."

At the trial of a complaint for indecent exposure of person, an admission by the defendant in cross-examination that he had been "arrested for lewdness previous to the offence alleged in the instant case" should have been excluded as irrelevant.

Although, at the trial of a complaint charging that the defendant "in a public place . . . wherein were great numbers of people, indecently did expose to the view of the said people his body . . . naked," the evidence was merely that said exposure was in a room in his house where he was seen by only one person from a window in a neighboring house, a verdict of not guilty was not required as a matter of law, since the offence charged and the evidence required to prove it did not depend on more than one person being offended.

COMPLAINT, received and sworn to in the District Court of Somerville on July 16, 1936.

On appeal to the Superior Court, the complaint was heard by *Dowd*, J., without a jury. The defendant was found guilty and alleged exceptions.

*J. C. Johnston*, for the defendant.

*W. L. Bishop*, District Attorney, & *J. P. O'Sullivan*, Assistant District Attorney, for the Commonwealth, submitted a brief.

PIERCE, J. This was a complaint that the defendant on the sixteenth day of July, 1936, "in a public place . . . wherein were great numbers of people, indecently did expose to the view of the said people his body and person naked and uncovered." Following a conviction and sentence in the District Court, on appeal the case was tried in the Superior Court, without a jury.

The defendant lived on Concord Avenue, Somerville, near its intersection with Beacon Street. A witness for the Commonwealth lived on Beacon Street near said intersection. The rear of the defendant's house was about one hundred fifty feet distant from the rear of the house occupied by the witness for the Commonwealth. From a room on the rear of the house it was possible to see into the second floor rear room of the defendant's house.

There was evidence that on the day in question the attention of the witness was attracted by a ray of light on her kitchen wall; that she went into her bedroom, and, looking out of the window, across the rear yards behind her house and the house occupied by the defendant, she saw the defendant standing in the middle of the rear room on the second floor of his house; that he was naked from his waist down and was flashing a mirror; that she notified

the police; that a policeman came, went into her bedroom and later brought the defendant to her house; and that she identified him as the man she had seen in the defendant's room. There was also evidence that the policeman then placed the defendant under arrest and later had a talk with the defendant at the police station. Subject to the exception of the defendant, the policeman testified "that the defendant admitted to him that he had been arrested previously for a similar offence." The defendant, testifying in his own behalf, was asked on cross-examination whether or not he had admitted to the police officer who had testified for the Commonwealth that he had been arrested previously for an offence similar to the one charged. The defendant answered "No" and duly claimed an exception to the question and answer. The district attorney then asked the defendant whether he had been in fact "arrested for lewdness previous to the offence alleged in the instant case." The defendant objected to the question. The judge overruled the objection, stating that the question was allowed and the evidence admitted. The defendant duly claimed an exception, and thereupon answered "Yes."

At the close of the evidence the defendant moved in writing that the judge upon all the evidence find the defendant not guilty. The motion was denied and the defendant duly excepted. The judge found the defendant guilty.

In support of his exceptions the defendant presents and argues the following issues: (1) "The evidence tending to prove the arrest of the defendant for an offence similar to the offence charged was incompetent to prove a record"; (2) "The evidence tending to prove the arrest of the defendant for an offence similar to the offence charged was incompetent to prove the guilt of the defendant of the offence charged"; and (3) "There was a variance between the complaint and the proof and the motion for a directed finding of 'not guilty' should have been allowed."

As contended by the defendant, it is plain that the testimony of the police officer "that the defendant admitted to him that he had been arrested previously for a similar offence" was not admissible, over the objection of the de-

fendant, to affect the credibility of the defendant, who had not then testified or offered to testify, under G. L. (Ter. Ed.) c. 233, § 21, because the arrest of the defendant, if proved, was not a "conviction," which implies a judgment and sentence of the court upon a verdict or conviction of guilt, and a mere verdict of guilt is not enough. *Attorney General* v. *Pelletier*, 240 Mass. 264. *Commonwealth* v. *Danton*, 243 Mass. 552. A conviction must be shown by the record, and cannot be shown by oral evidence. *McIntire* v. *Levering*, 148 Mass. 546, 549. The admission of the defendant, that he had been arrested for an offence similar to the one for which he was being tried, should have been excluded on the ground that it was not relevant to prove that the defendant was guilty of the crime charged. *Commonwealth* v. *Danton*, 243 Mass. 552. Had there been proper proof of a conviction of a similar charge, such proof would have had no evidential value to show some plan or scheme connected with the act in question.

On the evidence the judge was not required to find the defendant not guilty, as requested. The proof did not establish that the defendant committed the offence charged "in a public place . . . wherein were great numbers of people," because the defendant's room was not a public place "wherein were great numbers of people." But the offence charged and the evidence required to prove it do not depend on the number present. "It is enough if it be an intentional act of lewd exposure, offensive to one or more persons." *Commonwealth* v. *Cummings*, 273 Mass. 229, 231.

Because of the improper admission of evidence, the exceptions are sustained.

*So ordered.*