COMMONWEALTH *vs.* OSCAR P. BROADLAND.

Bristol.    October 25, 1943. — November 29, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Indecent Exposure.*

A defendant, charged by a complaint in the form set out in § 79 of G. L. (Ter. Ed.) c. 277, with the common law offence of indecent exposure of his person in a public place, properly might be convicted upon evidence of an intentional act of such exposure although there was no evidence that he was seen in such act by more than one person.

COMPLAINT, received and sworn to in the Third District Court of Bristol on October 29, 1942.

On appeal to the Superior Court, the case was tried before *Warner*, J.

*W. D. Stone*, for the defendant.

*B. Horvitz*, Assistant District Attorney, for the Commonwealth, submitted a brief.

FIELD, C.J.    This is a complaint against the defendant in two counts. The first count charged that the defendant "on the 22nd day of October, A. D. 1942, in a public place . . . wherein were great numbers of people, indecently did expose to the view of the said people his body and person naked and uncovered." The second count was the same as the first, except that the date therein set forth was October 27, 1942. On appeal the case was tried in the Superior Court before a judge and a jury. The defendant moved for a directed verdict of not guilty. This motion was denied and the defendant excepted. The jury returned a verdict of guilty.

There was no error in the denial of the motion for a directed verdict.

The defendant was charged in each count with the common law offence of indecent exposure. Each count followed the statutory form for an indictment or complaint for "Exposure of person." G. L. (Ter. Ed.) c. 277, § 79, Schedule of Forms of Pleadings, page 3250.

1. The defendant contends that the evidence did not warrant a verdict of guilty on the first count of the complaint for the reason that there was no evidence that the defendant was seen in the act of exposure by more than one person, a nineteen year old girl.

It is true that there was no such evidence. But such evidence was not essential to support a conviction. In *Commonwealth* v. *Bishop*, 296 Mass. 459, 462, where, as in the present case, the defendant was charged with the common law offence of indecent exposure, it was held that the judge was not required to find the defendant not guilty, though the "proof did not establish that the defendant committed the offence charged" in a public place "wherein were great numbers of people," the court saying: "But the offence charged and the evidence required to prove it do not depend on the number present. 'It is enough if it be an intentional

act of lewd exposure, offensive to one or more persons.' *Commonwealth* v. *Cummings*, 273 Mass. 229, 231." The evidence warranted a finding of these essential facts. Unless the *Bishop* case is to be overruled it is decisive of the present case.

We are not convinced that the *Bishop* case should be overruled. The argument that it should be overruled is not based on the ground that the principle therein stated is not in conformity with proper standards of decency, or on the ground that the principle works injustice to the defendant. Clearly the evidence in either the *Bishop* case or the present case would have warranted a verdict of guilty of the statutory offence of "open and gross lewdness and lascivious behavior," G. L. (Ter. Ed.) c. 272, § 16 — an offence at least closely similar to the common law offence of indecent exposure — if the statutory offence had been charged. *Commonwealth* v. *Wardell*, 128 Mass. 52. *Commonwealth* v. *Cummings*, 273 Mass. 229. The effect upon the present case of overruling the *Bishop* case and holding, contrary to that case, that it was essential to proof of the common law offence that it be proved that the indecent exposure was seen by more than one person, would be to reverse the conviction of the defendant on the technical ground that he had been charged with the wrong offence, the common law offence, although the evidence clearly would have warranted a conviction of an offence against decency of a similar nature, the statutory offence. Of course the defendant could not rightly have been convicted of an offence that was not charged against him. But on the authority of *Commonwealth* v. *Bishop*, 296 Mass. 459, the defendant was rightly convicted of the offence that was charged against him. The *Bishop* case was decided before the defendant's act was committed and before he was charged with an offence. The prosecution might naturally have relied upon the *Bishop* case in determining how the charge against the defendant should be made, and the defendant might naturally have expected to be convicted in accordance with the principle stated in that case if proof was made in accordance therewith.

The argument of the defendant for overruling the *Bishop* case is, in substance, that, though therein the common law offence was charged, the court relied upon *Commonwealth* v. *Cummings*, 273 Mass. 229, where the statutory offence was charged, that no distinction between these two classes of offences was recognized, and that such a distinction with respect to the necessity of the act having been seen by more than one person should have been recognized. There had been no recognition of a distinction of this general nature in any decision of this court prior to the *Bishop* case except in *Commonwealth* v. *Wardell*, 128 Mass. 52, 54, where a distinction was made between the statutory offence and the common law offence for the purpose of distinguishing the cases of *Regina* v. *Watson*, 2 Cox C. C. 376, and *Regina* v. *Webb*, 1 Den. C. C. 338. Of these cases the court said that therein "it was decided that indecent exposure in the presence of only one person, although in a place of public resort, no others being able to see it, does not amount to an indictable offence." A variety of views have been expressed by the courts of other jurisdictions as to the essential elements of the common law offence. See cases collected in 93 Am. L. R. 996–1001. In *State* v. *Goldstein*, 43 Vroom, 336, 337, affirmed 45 Vroom, 598, for example, it was said that according "to the law of this offence the place where it is committed is a public one if the exposure be such that it is likely to be seen by a number of casual observers," and a conviction was upheld though the exposure was in the presence of one girl only. In *State* v. *Martin*, 125 Iowa, 715, 718, it was said of the words "indecent exposure" in a statute that the "exposure becomes 'indecent' only when he [the defendant] indulges in such practices at a time and place where, as a reasonable person, he knows, or ought to know, his act is open to the observation of others." In this situation we do not deem it necessary to reëxamine the law as recently and authoritatively declared in the *Bishop* case. The decision in that case was not "so clearly wrong as to have no sound support." *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 196. And we do not imply that upon a reëxamination of the law, apart

from the *Bishop* case, a different conclusion would be reached than was reached in that case.

2. The defendant contends that the evidence applicable to the second count of the complaint did not warrant a finding that the offensive act of the defendant shown by the evidence was intentional on the part of the defendant. Without narrating the evidence it is enough to say that an inference that the act was intentional could properly have been drawn.

*Exceptions overruled.*