COMMONWEALTH *vs.* SYLVIO J. DROLET
(and four companion cases against the same defendant).

Worcester. December 2, 1957. — April 16, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Criminal,* Speedy trial; Waiver; Assistance of counsel; Exceptions: whether error harmful. *Constitutional Law,* Speedy trial, Assistance of counsel, Waiver of constitutional rights. *Waiver. Error,* Whether error harmful.

There was no error in the denial of motions to quash indictments on the ground that the defendant had been denied his constitutional right to a speedy trial where it appeared that the defendant filed the motions at his arraignment three years after the indictments and five months before commencement of his trial thereon, and that about a year after the indictments he had been taken into custody and subsequently sentenced to imprisonment for an unrelated offence and had been in custody in Massachusetts up to the time of the trial, and the record did not show any demand by him for prompt trial prior to filing the motions or any incapacity on his part or circumstances negativing the implication that he had waived his constitutional right. [397–398]

There was no error in the court's fixing the date of trial of indictments against a defendant for a date two weeks after a date previously set tentatively. [398]

Prejudicial error at the trial of indictments of a defendant who chose to try his cases without counsel, in allowing a witness for the Commonwealth to state that the defendant had been in State prison for two and one half years up to the time of trial, was not shown where it was plain from a number of the defendant's questions to various witnesses that he himself was stressing the fact of his custody in Massachusetts for that period as a part of his defence. [398–399]

There was no error at the commencement of the trial of indictments upon noncapital charges in the judge's refusal to appoint counsel to represent the defendant where the record before this court disclosed no particular circumstances requiring an assignment of counsel in order to secure the fundamentals of a fair trial to the defendant, a mature and apparently intelligent man, and did disclose that some months before trial he had declined an appointment of counsel suggested by the court and that a month before trial he had requested an appointment and then rejected the attorney whom the court appointed. [399–400]

FIVE INDICTMENTS, found and returned on May 16, 1952.

The cases were tried in the Superior Court before *Meagher,* J.

*Francis B. Kenney & Joseph J. Balliro,* for the defendant.

*A. Andre Gelinas,* District Attorney, (*Charles N. Dewey,* Assistant District Attorney, with him,) for the Commonwealth.

WHITTEMORE, J. The defendant's appeals under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, bring here issues similar to those discussed in *Commonwealth* v. *Hanley, ante,* 384. The defendant was found guilty upon five indictments as a participant in the armed assault with intent to rob, on November 25, 1951, for which Hanley was indicted as an accessory. The indictments against the defendant were returned on May 16, 1952. He was taken into custody in April, 1953, and was subsequently sentenced to imprisonment for another offence in Massachusetts. He has been in custody in Massachusetts since his commitment under that sentence. The defendant was arraigned under these Worcester indictments on May 16, 1955. On that date trial was ordered provisionally for October 3, 1955. The trial took place from October 17, 1955, to October 21, 1955.

1. The defendant on May 16, 1955, and October 6, 1955, filed motions to quash the indictments. The underlying

ground was the delay in bringing the defendant to trial. There was no error in the denial of the motions for reasons stated in *Commonwealth* v. *Hanley, ante,* 384. The record shows no demand by the defendant for trial up to May 16, 1955, and no incapacity of the defendant or other fact which would be a relevant circumstance under the rule there stated. There is nothing in the contention of error in fixing the trial date for October 17 after October 3 had been tentatively set.

2. The defendant shows no prejudice from the ruling to which exception was taken admitting testimony that he had been in the State prison. The sequence is as follows: "Q. [to police officer] . . . have you had any further conversation with Mr. Drolet? A. October 5, 1953, I think it was, at the State prison in Charlestown. THE DEFENDANT: I object, Your Honor. THE JUDGE: What is the objection? THE DEFENDANT: He said he thinks. May I have the specific date? Do you have notes?" The question was repeated and answer given as follows: "[It was] Around October, 1953 . . . [at] State prison, Charlestown." There was no objection. Cross-examination by the defendant: "Would you say Drolet's been in custody two and one half years, about? A. Drolet has been in custody since April 23, 1953. Q. You have seen Drolet at Charlestown jail in October, you say? A. Yes. Q. You . . . [saw] him there, and you were going to be a witness at Drolet's trial as a presenting officer . . . ? A. Yes. Q. Do you know why these indictments were not tried for the past two and one half years?" Objection was sustained. Redirect examination (by district attorney): "You answered to Mr. Drolet that you knew that . . . [he] was in custody from April, 1953, up until the present time. Do you know where he was? A. He has been at State prison. THE DEFENDANT: I object, Your Honor. THE JUDGE: You brought it out . . . . THE DEFENDANT: All right. I take an exception." Recross by the defendant: "You know Drolet was in the house of correction? A. . . . Yes . . . . Q. So far as you know Drolet was in custody in Massachusetts? . . . Did

you know Drolet was in custody in New Bedford? A. Yes. Q. And did you know Harvey Bistany was in custody also? A. I heard . . . I can't be positive . . . . Q. Are you sure Drolet was there? A. Yes."

In the cross-examination of Bistany, the first witness, the defendant asked, "Did you tell Drolet when you got to the house of correction that you were going to clear him?" When Drolet's sister was on the stand she was asked by the district attorney without objection by the defendant: "Did you go to visit your brother when he was in Boston, State prison?" The witness answered "Yes" to this question and to a substantial repetition of it. The defendant did not object.

It is plain from a number of Drolet's questions to various witnesses that he was stressing the fact of his custody in Massachusetts for about two and one half years as a part of his defence. Such additional specification, if any, of place and time of custody as came from the question to which objection was made, and the answer thereto, did not materially increase the prejudice to the defendant from the information which the defendant chose, as it would appear, to have in the case. *Commonwealth* v. *Capalbo,* 308 Mass. 376, 383.

3. There was no error in failing to appoint counsel on October 17, 1955. The record shows as follows: The judge, on September 19, 1955, pursuant to Drolet's representation that he was indigent and his request for counsel, had appointed an attorney. The defendant, after this attorney had called on him, wrote to the attorney, "First and foremost I respectfully notify you as far as I am concerned you positively do not represent me as an attorney at law in the above case." When charged with this action by the judge on October 17, the defendant indicated that he had objected because the attorney "failed to show . . . any identification whatsoever . . . ." "I never heard of him. I inquired last week . . . . I find out he's a civil attorney. . . . I didn't refuse . . . I didn't know who the man was. He failed to show . . . even a social security card . . . ."

The defendant is not shown to be within the class of

persons for whom counsel must be appointed in noncapital cases. It could reasonably have been concluded that he was not "by reason of youth, inexperience, or incapacity of some kind, or by reason of some unfair conduct by the public authorities, or of complication of issues, or of some special prejudice or disadvantage . . . in need of counsel in order to secure the fundamentals of a fair trial." *Allen* v. *Commonwealth,* 324 Mass. 558, 562. See also *Brown* v. *Commonwealth,* 335 Mass. 476, 479; *Pugliese* v. *Commonwealth,* 335 Mass. 471; *Commonwealth* v. *Blondin,* 324 Mass. 564, 568. He was mature and apparently intelligent and the charge was not of unusual complexity. On his arraignment in May, 1955, he had rejected the suggestion of counsel saying "I'll pro se temporarily, Your Honor." He had examined witnesses and participated in the hearing on May 27, 1955, on his motion to quash, heard with Hanley's similar motion. He had presented in his own behalf his motion to quash on October 17. He participated actively in his own behalf at the trial. We assume he would have benefited from counsel, but that is not the issue. Had he had a constitutional right to have court appoint counsel, the right was, we think, duly afforded to him and waived by him. Indeed, it was open to the judge to conclude that the demand in September, the rejection of appointed counsel, and the renewal of the demand after the court had denied the motion to quash and after the district attorney, on the date set for trial, had moved that the trial proceed, were tactical maneuvers. The judge could have concluded, reasonably, that if the defendant in good faith questioned the attorney's identification he would have taken a different course.

There is no basis for a conclusion that the attorney was not competent. It is to be assumed that the judge would not appoint an incompetent attorney. See *Schuble* v. *Youngblood,* 225 Ind. 169, 173. There is of course no constitutional right to particular, or the most brilliant, counsel. See *United States* v. *Thompson,* 56 Fed. Sup. 683, 688. The choice of counsel for an indigent person is to be made by

the court in its discretion. The defendant need not accept court appointed counsel, but the alternative is to be represented by himself, or such attorney as he can hire. See *Schuble* v. *Youngblood, supra; Woods* v. *State,* 152 Tex. Cr. 525, 529.

4. The defendant was represented by counsel before this court. No other exceptions were briefed or argued. We see no prejudicial error in the record.

*Judgments affirmed.*