COMMONWEALTH *vs.* FRANK T. WELCOME.

Hampshire.     October 5, 1964. — October 29, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Witness,* Psychiatric examination, Child witness.   *Evidence,* Relevancy and materiality, Of prior offence.   *Practice, Criminal,* Psychiatric examination; Judicial discretion; Exceptions: whether error harmful.   *Error,* Whether error harmful.

No abuse of discretion on the part of the judge in a prosecution for a sexual offence involving a girl seven years old who was the complaining witness was shown in a refusal to order a psychiatric examination of the girl under G. L. c. 123, § 99.   [69]

It was not error to allow a seven year old girl to testify as a witness for the Commonwealth in a criminal case after she had stated that telling

a lie meant telling "something that's wrong," although she also stated that she did not know "what happens to little girls who tell things that aren't true."   [70]

At a hearing without jury of a prosecution for a sexual offence respecting a little girl, it was on the record prejudicial error, not subsequently waived, to admit testimony concerning a conversation of the witness with the defendant in which the defendant admitted having been "involved in something like this before" with other little girls.   [70–71]

INDICTMENT found and returned on June 5, 1963.

The case was heard in the Superior Court without jury by *Ford, J.*

*Stephen R. Kaplan* for the defendant.

*Oscar Grife*, Assistant District Attorney, for the Commonwealth.

REARDON, J.   The indictment charges the defendant with an indecent assault and battery on a female child under the age of fourteen years.   The case was tried before a judge sitting without a jury under G. L. c. 278, §§ 33A–33G.   The defendant was found guilty and sentenced to the Massachusetts Correctional Institution at Walpole.   He is here on appeal and has alleged various assignments of error.

The incident which gave rise to the indictment occurred in April, 1963, in Amherst when the defendant who was driving his young son home from school at noon also gave a ride to a seven year old girl.   Disposition of the assignments of error does not require any extended discussion of the details of the alleged assault.

1.   The defendant contends that it was error to deny his motion for a psychiatric examination of the little girl who was the complaining witness, that there might be a report to the court on her ability to tell the truth, and on her mental health and intelligence.   Such an examination, which may be ordered under G. L. c. 123, § 99, is purely discretionary with the trial judge.   He saw the girl, and the transcript of evidence is amply descriptive of the opportunity which he took to observe her, as it is of the effort made by the judge throughout to lighten the impact of the proceedings upon the children who testified.   There was no error in his denial of the motion.

2. Nor did he err in permitting her to testify. The colloquy between judge and witness prior to her testimony was as follows: THE JUDGE: "Do you know what it means to tell a lie?" THE WITNESS: "Yes." THE JUDGE: "What does that mean to you?" THE WITNESS: "You tell something that's wrong." THE JUDGE: "And what happens to little girls who tell things that aren't true?" THE WITNESS: "I don't know." The test elaborated in *Commonwealth* v. *Tatisos,* 238 Mass. 322, 325–326, does not call for a full understanding by a juvenile witness of the obligations of the oath. The witness in stating that she knew a lie was the telling of "something that's wrong" showed awareness of her duty to tell the truth. The decision of the trial judge to allow her testimony was warranted. *Commonwealth* v. *Robinson,* 165 Mass. 426, 427. See *Wheeler* v. *United States,* 159 U. S. 523, 524–525; Wigmore, Evidence (3d ed.) § 1821.

3. A policewoman testified over objection and exception by the defendant that in interrogation of the defendant at the Amherst police station she said to him, "I understand you have been involved in something like this before," to which he answered, "Yes." She then asked, "How old were the little girls that time?" to which his response was that "they were about four and six years old." This testimony was not relevant to prove that the defendant was guilty of the crime for which he was indicted. It was at the same time highly prejudicial to the defendant. *Commonwealth* v. *Ellis,* 321 Mass. 669, 670. It is very possible that the finding made by the judge was not at all affected by what he heard of the defendant's previous difficulties. We can only speculate upon the effect of that evidence. We are not in a position to say that it had none and such doubts as we entertain can only be resolved in favor of the defendant. *Commonwealth* v. *Stone,* 321 Mass. 471. We invoke the rule that evidence of a distinct crime unconnected with that for which the defendant is indicted cannot be received. An exception to this rule is stated in *Commonwealth* v. *Machado,* 339 Mass. 713, where there was evi-

dence of prior illicit sexual intercourse between the same parties. In the present case the testimony related to earlier misconduct by the defendant with other parties. We are unwilling to extend the holding in *Commonwealth* v. *Machado, supra,* to make admissible here the evidence to which the defendant has objected. See Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv. L. Rev. 954, 965–966. *Commonwealth* v. *Bishop,* 296 Mass. 459. Nor can we draw distinctions between jury and jury waived cases with respect to the application of the rule. *Commonwealth* v. *Bishop, supra.* That evidence of similar prior offences by the defendant was contained in a conversation, part of which was admissible, did not render admissible that portion of it relating to those offences particularly when such portion was clearly separable from the rest. *People* v. *Spencer,* 264 Ill. 124, 139. A question by the defendant's counsel to the mother of the complaining witness as to whether she knew of the defendant's "publicity or record" and an affirmative answer by her do not appear to us to constitute a waiver of earlier objections to testimony of his prior offences. As the defendant has argued, the damage to the defendant had already occurred. Cf. *Commonwealth* v. *Hanley,* 337 Mass. 384, cert. den. sub nom. *Hanley* v. *Massachusetts,* 358 U. S. 850, and *Commonwealth* v. *Drolet,* 337 Mass. 396.

> *Judgment reversed.*
> *Finding set aside.*