### State of Connecticut v. William J. Pallman

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 8-8540

Argued July 29—decided September 27, 1968

*Leon O. Gross,* of Wallingford, for the appellant (defendant).

*John J. Esposito,* assistant prosecuting attorney, for the appellee (state). ·

JACOBS, J. The evidence of the alleged offense in substance is that on February 3, 1968, the defendant was dispatched by his employer to repair a pump at the Pitts residence on Oregon Avenue in the town of East Haven. While in the bathroom of the first floor apartment, which was vacant at the time, the defendant exposed his private parts to the complaining witness, a nine-year-old boy,[1] and made indecent and lewd remarks with the intent and design of calling the boy's attention to the virility of his, the defendant's, sexual organ.

---

[1] Indecent exposure statutes "usually apply to exposures to male children as well as to females." Note, 94 A.L.R.2d 1353, 1365.

The only question for decision emerging from these facts is whether such an intentional act of exposure to a nine-year-old boy, in the bathroom of a private dwelling, no other person then being in sight, constitutes a violation of § 53-220 of the General Statutes.[2] The defendant's main contention is that the state "failed to prove that he [the defendant] exposed himself in a public place or that he exposed himself in a private place where he was seen by more than one person or could have been seen by more than one person had he or she looked." In other words, the defendant insists that in order to constitute the offense of which he was convicted, the evidence must show that it was notorious and public.

## I

Under the English view, "[m]ost of the decided cases [on indecent exposure] turn on the question—What is a public place?" 2 Russell, Crime, p. 1641 (1958). It is a doubtful point under English law whether, to support an indictment of indecent exposure, the misconduct must be in the presence of more than one person; the balance of authority appears to be that the presence of more than one per-

[2] "Sec. 53-220. INDECENT EXPOSURE. Any person who, wantonly and indecently, exposes his person shall be fined not more than one hundred dollars or imprisoned not more than six months or both."

Within the past few years (1963 to 1967), we have had occasion to construe the statute in five cases which reached the Appellate Division. See *State* v. *Morrison*, 2 Conn. Cir. Ct. 443 (conviction sustained where defendant, while parked in his automobile on a public highway, exposed his private parts in an area where there were children of high school age); *State* v. *Sousa*, 2 Conn. Cir. Ct. 452 (conviction sustained where the act complained of, though it occurred wholly in the defendant's apartment, was plainly visible as he was in plain sight of the window); *State* v. *McNeil*, 3 Conn. Cir. Ct. 479 (conviction sustained where defendant exposed his private parts near a tree on a dirt road and was observed by two young girls); *State* v. *Wyant*, 3 Conn. Cir. Ct. 657 (conviction sustained where the exposure occurred at a town dump in broad daylight to four small girls); *State* v. *Jaime*, 4 Conn. Cir. Ct. 530 (conviction reversed where there was no finding of actual exposure of the person).

son is required.[3] In *Regina* v. *Reubegard,* an unreported case discussed in *Regina* v. *Webb,* 1 T. & M. 23, 25 (1848), on an indictment for indecent exposure of the person it appeared that the defendant was seen from an opposite window by a maidservant, but there was no evidence that anyone in the street saw him, though persons along the street might have seen him. Baron Parke instructed the jury to consider whether the defendant was in such a situation that passersby in the street could have seen him had they happened to look, and, if the jury were of that opinion, to find him guilty. The indecency was seen by one person but was visible to others; it must be borne in mind that visibility and actual seeing are not synonymous expressions. In *Regina* v. *Elliot,* Leigh & C. 103, 169 Eng. Rep. 1322 (1861), a case before the Crown for Crown Cases Reserved, the judges, after argument on this precise point, differed, and no judgment was delivered.[4] There the defendants had connection in open day on a common in the sight of one witness only, but so that anyone passing over the common or along a public footway could have seen them. There was

---

[3] The earliest reported case dealing with gross public acts of indecency was *Sidley's* case, decided by the Court of King's Bench in 1663. *LeRoy* v. *Sidley,* 1 Sid. 168, 82 Eng. Rep. 1036. Sir Charles Sidley was indicted at common law for several misdemeanors against the king's peace which were to the great scandal of Christianity; and the cause was, that he showed his naked body in Covent Garden to a great multitude of people. The indictment was openly read to him in court, and the justices told him that notwithstanding there was not then any Star Chamber they would have him know that the Court of King's Bench was the custos morum of all the king's subjects; and it was then high time to punish such profane actions, committed against all modesty, which were as frequent as if not only Christianity but morality also had been neglected. He was adjudged guilty of a misdemeanor, fined 2000 marks, imprisoned for a week, and required to give security for his good behavior for three years. See 91 Just. P. 618; 2 Stephen, History of Criminal Law of England, p. 470 (1883).

[4] For a trenchant criticism of *Regina* v. *Elliot,* see note by the editor in 1 Den. C.C. 345. The note editor also added (p. 347): "With regard to the point decided in the principal case, it seems that the law does not consider public *decency* to be represented by *one* person

no proof that any persons were passing over the common or along the footway at the time. The cases of *Regina* v. *Watson,* 2 Cox Crim. Cas. 376 (1847), and *Regina* v. *Webb,* 1 Den. C.C. 338, 169 Eng. Rep. 271 (1848), were considered by the court in *Regina* v. *Elliot,* supra. Both of these cases held that an exposure to one person only was insufficient to support an indictment of indecent exposure. See *Regina* v. *Farrell,* 9 Cox Crim. Cas. 446 (1862); Archbold, Criminal Pleading, Evidence & Practice § 3835 (1966); Perkins, Criminal Law, p. 336 (1957).

## II

There is a miscellany of American cases, adhering to the English view, which hold: " 'An indecent exposure seen by one person only or capable of being seen by one person only is not an offense at common law.' " *State* v. *Wolf,* 211 Mo. App. 429, 432; *Morris* v. *State,* 109 Ga. 351, 353;[5] *Lorimer* v. *State,* 76 Ind. 495, 496. The better view, and the one we adopt, is the rule enunciated by the Supreme Judicial Court of Massachusetts in *Commonwealth* v. *Bishop,* 296 Mass. 459, 462: "The proof did not establish that the defendant committed the offence charged [indecent exposure] 'in a public place . . . wherein were great numbers of people,' because the defendant's room was not a public place 'wherein were great numbers of people.' But the offence charged and the evidence required to prove it do not depend on the number present. 'It is enough if it be an intentional act of lewd exposure, offensive to one or

in *a public thoroughfare.* The presence of one person only is not deemed the presence of the public: and the possible presence of others is too remote a possibility for the law to recognize. But if others be actually present, even though they do not see the offence actually committed, the law recognises the risk of their seeing it as sufficiently proximate to be dealt with as a reality." See *State* v. *Bill,* 146 Conn. 693.

[5] "It is submitted that the rule laid down in the Morris case is unsound." *State* v. *Peery,* 224 Minn. 346, 358 (dissenting opinion).

more persons.' *Commonwealth* v. *Cummings*, 273 Mass. 229, 231." In *Commonwealth* v. *Broadland*, 315 Mass. 20, 21, the defendant contended that the evidence did not warrant a verdict of guilty of indecent exposure "for the reason that there was no evidence that the defendant was seen in the act of exposure by more than one person, a nineteen year old girl." The court held: "It is true that there was no such evidence. But such evidence was not essential to support a conviction." The court went on to say (p. 22): "Unless the *Bishop* case is to be overruled it is decisive of the present case. We are not convinced that the *Bishop* case should be overruled." In *Noblett* v. *Commonwealth*, 194 Va. 241 (conviction reversed on other grounds), the defendant contended (p. 244): "An exposure of the person, irrespective of whether or not the place of exposure is a public one, made in the presence of only one person, is not a crime at common law." The Supreme Court of Virginia rejected the argument and followed the rule as laid down in *Commonwealth* v. *Bishop*, supra, and *Commonwealth* v. *Broadland*, supra.

"It has been held that the offense does not depend upon the number of people present and, that an intentional act of lewd and indecent exposure to one or more persons is sufficient to make out a case under the law . . . ." *Davison* v. *State*, 281 P.2d 196, 197 (Okla.). "The crime cannot be made to depend on the number of persons, to whom a person thus exposes himself, whether one, or many." *State* v. *Millard*, 18 Vt. 574, 578; see *State* v. *Peery*, 224 Minn. 346, 358 (dissenting opinion); *State* v. *King*, 268 N.C. 711, 712; 67 C.J.S. 26 n.56, Obscenity, § 5; note, 94 A.L.R.2d 1353, supplementing note, 93 A.L.R. 996, 998.[6]

[6] For other discussions of the crime of indecent exposure, see Model Penal Code § 213.5 (Proposed Official Draft, May 4, 1962); 11 Crim. L. Mag. 461; 33 Mich. L. Rev. 936; 1 Vand. L. Rev. 297; 5 Wayne L. Rev. 256.

We hold that under our statute (§ 53-220), the offense created does not depend upon the number present. It is enough if it be an intentional act of exposure, offensive to one or more persons. To hold otherwise would be to hold that one might commit with impunity any act of indecency, however gross, before any number of individuals successively.

There is no error.

In this opinion KOSICKI and MACDONALD, Js., concurred.