Vahey VANETZIAN

v.

Frank HALL.

No. CA 75–2988–T.

United States District Court,
D. Massachusetts.

June 9, 1977.

Vahey Vanetzian, pro se.

Lois M. Lewis, West Newton, Mass., Margaret Cavanaugh, Westfield, Mass., for petitioner Vanetzian.

Asst. Atty. Gen. Robert V. Greco, Boston, Mass., for respondent Hall.

MEMORANDUM

TAURO, District Judge.

This habeas corpus petition is brought by Vahey Vanetzian, an inmate at M.C.I. Norfolk, under 28 U.S.C. § 2241. Currently before the court is respondent's motion to dismiss. The court grants the motion.

I.

On October 23, 1959, the petitioner attempted an armed robbery of a grocery store in Watertown, Massachusetts. During the frustrated holdup, petitioner became engaged in a struggle with a store clerk, Charles Dionisio, which resulted in Dionisio being shot twice and sustaining critical injuries.

On November 3, 1959, the petitioner was charged in Middlesex County indictments 57617–19 with: 1. armed robbery; 2. assault with intent to murder being armed; and 3. assault and battery by means of a dangerous weapon. He pleaded guilty to the first and third indictments, while the

second indictment was eventually dismissed. Petitioner received concurrent sentences of not more than twenty-five years nor less than twenty years and not more than ten years nor less than eight years.

On April 13, 1960, Dionisio died, allegedly from his gunshot wounds. Petitioner was again indicted by a Middlesex County Grand Jury. This time he was charged with six separate offenses in a single indictment: 1. murder one; 2. murder two; 3. manslaughter; 4. assault being armed with a dangerous weapon with intent to kill; 5. assault and battery by means of a dangerous weapon; and 6. assault and battery. All charges went to trial. At the close of the evidence, petitioner's motion for a directed verdict on double jeopardy grounds was allowed except as to the murder one and two counts. Petitioner was subsequently convicted of murder one and was sentenced to a life term to be served concurrently with his other state sentences. Petitioner's claims of double jeopardy and evidentiary error were rejected by the Supreme Judicial Court on Appeal.[1] *Commonwealth v. Vanetzian*, 350 Mass. 491, 215 N.E.2d 658 (1966).

In 1974, petitioner filed his first federal habeas corpus petition. *Vanetzian v. Hall*, CA 74-4397-G. That petition alleged a single constitutional infirmity in the state court proceedings—that the second trial violated the double jeopardy clause. Judge Garrity dismissed the petition without hearing and denied a request for a certificate of probable cause. A per curiam First Circuit Court of Appeals denied an application for a certificate of probable cause. *Vanetzian v. Hall*, Misc. No. 75-8010 (1st Cir. Jan. 28, 1975).

Pending before the court is petitioner's second habeas corpus petition. *Vanetzian v. Hall*, CA 75-2988-T. This petition is broader than the first petition, in that it raises three constitutional arguments

against the state court proceedings: 1. that the trial court's admission of conversations between police officers violated the due process clause; 2. that the trial court's exclusion of a question concerning cause of death violated the confrontation clause; and 3. that the trial on the second indictment, following petitioner's plea to the first set of indictments, violated the double jeopardy clause.

The respondent has filed a motion to dismiss which attacks each of petitioner's claims. First, respondent argues that the two claims of evidentiary error do not rise to constitutional dimensions and therefore are not grounds for federal habeas corpus relief. Second, it is asserted that the court need not address the double jeopardy claim as it has already been rejected in petitioner's first habeas corpus petition. Finally, as alternative arguments against the double jeopardy claim, respondent pleads failure to state a claim upon which relief can be granted and failure to exhaust state remedies.

## II.

■ Directing my attention first to petitioner's evidentiary claims, I hold as a preliminary matter that the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied. Petitioner's assignments to the Supreme Judicial Court squarely addressed the evidentiary issues,[2] and were rejected by that Court. *Commonwealth v. Vanetzian, supra.*

■ A slightly more difficult question is whether the evidentiary claims are grounds for habeas corpus relief. Of course, federal habeas relief is only available upon proof of constitutional infirmity in state court proceedings. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A petition for habeas corpus is not an appropriate vehicle for plenary re-

---

1. There were numerous other assignments made to the Court which are not germane to this petition: defendant challenged the introduction of the victim's clothes; defendant challenged the trial court's instruction on cause of death; and defendant objected to the introduction of statements made by witnesses at a line-up.

2. Assignments 4, 5 and 17.

view of evidentiary rulings, as trial courts are granted considerable discretion in such matters. *Lisenba v. California,* 314 U.S. 219, 228, 62 S.Ct. 280, 86 L.Ed. 166 (1941); *Nelson v. Moriarty,* 484 F.2d 1034, 1036 (1st Cir. 1973). If, however, the admission of evidence constitutes manifest error, violative of a party's due process rights, *see Howard v. Sigler,* 454 F.2d 115 (8th Cir.), *cert. denied,* 409 U.S. 854, 93 S.Ct. 188, 34 L.Ed.2d 98 (1972) or the exclusion of evidence violates a party's right of confrontation, *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), a habeas corpus petition may issue. Since the two evidentiary errors raised by the instant petitioner fall within neither category, the court will not grant his petition on the basis of these claims.

■ The first claim of evidentiary error is addressed to the admission of a conversation between the petitioner and an arresting officer, Lieutenant Sheehan. At trial, two officers were allowed to testify to the following exchange, just prior to petitioner's arrest on the second charge:

Sheehan: "Don't you remember me?"

Petitioner: "Not you again."

Sheehan: "Yes. It has been a long time." [3]

Petitioner argues that this testimony served to inform the jury of his prior criminal involvements. Regardless of the propriety of the trial court's decision to admit such testimony,[4] it cannot be characterized as manifest error rising to the level of a due process deprivation. The impact of this obscure conversation on the jury was at best speculative.

■ The second evidentiary claim involves the trial court's exclusion of a question on cross-examination relating to the cause of Dionisio's death. Petitioner's counsel sought to ask Dr. George Kastas, the physician who performed the autopsy on Dionisio, "So that there is a possibility that this man's bronchopneumonia stemmed from chronic Bronchitis?"[5] Petitioner unquestionably has a right to cross-examine the doctor on the cause of death, and that right was respected at trial. The transcript reveals that questions concerning cause of death were allowed. Dr. Kastas was asked, "Can you positively exclude as a cause for the bronchopneumonia chronic bronchitis?" The answer came, "No, sir."[6] Read in context, the trial court's exclusion of petitioner's question was, therefore, a legitimate means of restricting repetitive cross-examination and conjectural testimony, rather than a denial of rights of confrontation.

### III.

■ In his second habeas petition, petitioner raises a double jeopardy claim by suggesting that "it was unconstitutional to try the plaintiff after he had pleaded to prior indictments for assault and battery by means of a dangerous weapon." On its face, this claim is merely a restatement of the argument that petitioner has been twice prosecuted for the same offense. Both Judge Garrity and a per curiam Court of Appeals rejected this double jeopardy formulation as raised in petitioner's first habeas request. The courts have consistently held that the double jeopardy clause is not offended where a defendant is first tried for assault and battery and then tried for the murder of the same victim because death occurred after the first conviction. *Diaz v. United States,* 223 U.S. 442, 448–49, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Ashe v. Swenson,* 397 U.S. 436, fn. 7 at 453, 90 S.Ct. 1189, 25 L.Ed.2d 469 (Brennan, J. concurring, 1970); *U. S. v. Rossi,* 552 F.2d 381, fn. 7 at 385 (1st Cir., 1977). Thus no relief is available on a multiple prosecution theory.[7]

3. Transcript pp. 449–52, and 512.

4. See *Commonwealth v. Welcome,* 348 Mass. 68, 201 N.E.2d 827 (1964).

5. Transcript p. 923.

6. Transcript p. 923.

7. Because petitioner's double prosecution theory fails to state a claim upon which relief can be granted, I need not address respondent's alternative arguments that the double prosecution claim is barred by 28 U.S.C. § 2244(b) and Rule 9(b) of the Rules Governing § 2254 petitions.

■ In oral argument before this court, petitioner raised a second and distinct double jeopardy claim based on a theory of multiple punishment. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[8] Assuming that the initial conviction for assault and battery by means of a dangerous weapon constitutes a lesser included offense of the second conviction, murder one,[9] petitioner reasons that he suffers a double punishment in his service of concurrent sentences on the two convictions.

■ Irrespective of the merits of this theory, the court must refrain from considering it due to the strictures of the exhaustion doctrine. 28 U.S.C. § 2254. In the state court proceedings, petitioner pressed only a multiple *prosecution* double jeopardy theory.[10] Petitioner did not argue a multiple *punishment* theory prior to this petition. Under *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the exhaustion requirement is not satisfied unless the substantially equivalent legal theory is presented first in a state forum. 404 U.S. at 278, 92 S.Ct. 509. I hold that a multiple prosecution theory is not the substantial equivalent of a multiple punishment theory.

### IV.

The respondent's motion to dismiss is granted and the habeas corpus petition is therefore denied. An order of dismissal has issued.

---

**8.** The Supreme Court recently reiterated that the double jeopardy clause embraces both double prosecution and double punishment. *Abney, et al. v. United States,* — U.S. —, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

**9.** Petitioner precariously relies on *Commonwealth v. Devlin,* 335 Mass. 555, 141 N.E.2d 269 (1957) for this proposition.

**10.** See Supreme Judicial Court Assignments 1, 19, 20, 21, 23, 30 and 31.