DECISION
This matter is presently before the Court on Defendant's Motion to Dismiss the charge of Disorderly Conduct, to wit Indecent Exposure, in violation of (G.L. 1956 § 11-45-1.
It is alleged that on October 29, 1998 Ms. Colleen K. Smith called the Middletown police to report that a man had exposed its genitals to her on two separate occasions. The police observed a man fitting the description given by Ms. Smith jogging through the parking lot of a Middletown establishment and detained him for positive identification. The man that the police detained was the defendant and he was identified by Ms. Smith as the individual about whom she had complained. The defendant was then arrested and charged with Disorderly Conduct to wit Indecent Exposure, in violation of 1956 § 11-45-1 (a)(7).
The defendant filed the instant motion to dismiss, arguing that the statute under which he is charged requires that the State provide more that one witness to whom the defendant allegedly exposed himself. Section 11-45-1(a)(7) states in pertinent part that "a person commits disorderly conduct if he or she intentionally, knowingly, or recklessly: exposes his genitals to the view of others under circumstances in which his or her conduct is likely to cause affront distress, or alarm to such other persons." In support of this position, the defendant cites the "cardinal rule of from ambiguity and express a sensible meaning." Defendant's Memorandum at 4. The defendant argues that because the legislature chose to include the words "others" and other "persons" rather than the singular form of these or a similar words, it intended that there be more than one witness to the "Indecent exposure."
While it is well settled that the Court's role is not to "look behind" the clear and unambiguous" words of a statute, it is equally established that Courts must not simply read statutory language literally where so reading will yield an absurd result.General Accident Insurance Company of America v. Cuddy,658 A.2d 13 (R.I. 1995); Beaudoin v. Petit, 409 A.2d 536 (R.I. 1979);Berthiaume v. School committee of City of Woonsocket,397 A.2d 889 (R.I. 1979); East Greenwhich Fire District v. Penn CentralCo., 111 R.I. 303, 302 A.2d 304 (R.I. 1973). Construction of statutory language is guided by the proposition that the intent of the legislature controls. Nolan v. Representative Council,57 A.2d 730, 732 (R.I. 1948). In construing a statute, the court's function is to ascertain the intent of the legislature and to effectuate that intent. In re RJP, 445 A.2d 286, 287 (R.I. 1982);Great American Nursing Centers Inc. v. Norberg, 439 A.2d 249, 252 (R.I. 1981); Gott v. Norberg, 417 A.2d 1352, 1356 (R.I. 1980);Falstaff Brewing Corp. Re: Narragansett Brewery Fire,637 A.2d 1047 (R.I. 1994) citing In re Advisory Opinion to the Governor,504 A.2d 456, 459 (R.I. 1986). Statutes may not be construed in a way that would result in absurdities or would defeat the underlying purpose of the enactment Brennan v. Kirby,529 A.2d 633, 637 (R.I. 1987). If the mechanical application of a statutory definition produces an absurd result or defeats legislative intent the court must look beyond mere semantics and give effect to the purpose of the act. Labbadia v. State,513 A.2d 18, 22 (R.I. 1986).
Turning to the instant matter, the legislative history of this section lacks any guidance regarding the legislature's intent regarding the number of witnesses necessary in order to charge an individual with indecent exposure. But in searching the United States Supreme Court Digest for guidance on indecent exposure, one is referred to 67 C.J.S. § 10-11. Section 11 sets forth the elements of this offense with particularity.[1]
Of most interest to this Court is the expression that such exposure in a public place occurs before others. Reading further, the text in C.J.S. states, "the offense of indecent exposure does not depend upon the number of people present, and an exposure to one or more persons is sufficient" Citing State v. Pallman, 248 A.2d 589, 592; Byous v. State, 175 S.E.2d 106, 121 Ga. App. 654;Messina v. State, 130 A.2d 578, 212 Md. 602; Dill v. State., 130 A.2d 690, 24 Md. App. 695; Commonwealth v. Broadland,51 N.E.2d 961, Commonwealth v. Bishop, 6 N.E.2d 369; State v. King,151 S.E.2d 566, 268 N.C. 711. "While it has been held essential that someone see the alleged act of exposure, it has also been held that it is not essential to the crime that anybody should have seen the exposure, provided it was intentionally made in a public place and could have been seen by persons who were present if they looked." 67 C.J.S. § 11.
It is clear that G.L. § 11-45-1 is intended to prohibit particular conduct which the state has an interest in controlling in order to protect the public place and welfare. In the opinion of this Court, after considering the text cited from C.J.S. and the likely intent of this statute, the wording of § 11-45-1
(a)(7) is interpreted to mean that if a person intentionally exposes him or herself in a place where the action is open to the view of anyone other than the actor himself and in such a manner that is likely to cause affront, distress, or alarm to any viewer, he or she can be charged with disorderly conduct. It defies logic to limit this charge to cases where there was more than one person present at the time of the exposure. To read the statute in this manner would be to condone the exposure of one's genitalia to single individuals and that interpretation seems clearly contraindicated. The conduct is prohibited, whether there be one or one thousand people present at the time.
It appears that to date, Rhode Island Courts have not contemplated the defendant's argument that the statute requires more than one witness to an act of indecent exposure. Therefore, in deciding this motion, the Court bases its analysis on the aforementioned principals of statutory interpretation and authorities. For these reasons, it is this Court's opinion that subscription to the defendant's position would yield an absurd result not intended by the Rhode Island legislature. To borrow the words of the Honorable Justice Florence Murray, "if the Court has not interpreted the statute in a manner consistent with legislative intent . . . further societal response is the exclusive prerogative of the Legislature." Pizza Hut of AmericaInc. v. Louis H. Pastore, Jr., 519 A.2d 592, 594 (R.I. 1987).
Accordingly, the Defendant's Motion to Dismiss is Denied.
[1] There are three enumerated elements of indecent exposure: a. willful or intentional, exposure of a person, b. in a public place, c. before others. 67 C.J.S. § 11.