## MESSINA *v.* STATE

[No. 137, October Term, 1956.]

*Decided April 5, 1957.*

604

The cause was argued before BRUNE, C. J., COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Morgan L. Amaimo,* for appellant.

*Frank T. Gray, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *Joseph C. Koutz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The court, sitting without a jury, found the appellant guilty of the common law crime of indecent exposure after overruling a motion for a directed verdict at the conclusion of all of the evidence. Under the rules, we do not decide whether the appellant was guilty beyond a reasonable doubt; merely, whether in law the evidence is sufficient to permit the trial court to have done so, and can set the verdict aside only if his conclusions from the evidence were clearly erroneous.

The accusers of the appellant are two thirteen year old girls who were walking on the sidewalk along Northern Parkway about a block from Harford Road, both busy streets in Baltimore, when they became aware that the appellant, sitting in his parked automobile, was giving them a "funny" look, a look that "made us feel funny". The girl who was walking next to the curb looked in the car and saw an "indecent exposure", saw the appellant "expose himself". She told the other girl what she had seen and said to hurry on, to walk faster. The other girl took the license number and then, as the appellant started up the car and made a U turn, each girl again noted the license number. Each of the girls identified the automobile as a green Buick convertible and, at the trial, identified the appellant as the man who had been in the car. Both said they had seen the same man in the same car parked on Northern Parkway several months before, with the car door open, and that one of them had seen him indecently expose himself. On that occasion, they did not have a chance

to get the license number because "we were both so scared, we didn't know what to do." The appellant owns and drives a green Buick convertible and admitted on the stand that he was near the scene of the occurrence about the time of the happening and that, on that day but on a different street, he had seen some girls writing down license numbers of automobiles, including his, but denied everything else that would associate him in any way with the crime. He could think of no reason why the girls would accuse him.

We think the evidence was sufficient to permit a finding of guilt by the trial court. The testimony of the girls as to what had been seen was in general terms, but the record leaves no doubt that everyone in the court room, including the appellant and his counsel, acted on the assumption that the State had offered testimony intended to mean, and meaning, that the appellant on both occasions exposed his private parts. No effort was made by cross-examination, or otherwise, to show that the accusing girl had seen less than this and the trier of the facts properly could have found, as he did, that this is what happened. Indeed, appellant makes no point here as to the insufficiency of the evidence on this aspect of the case. He relies on the claim that since only one person saw the indecency there was not such a public exposure, such an affront to public decency, as the common law requires to make the conduct a crime.

The law is not as the appellant suggests. "Indecent exposure in a public place in such a manner that the act is seen or is likely to be seen by casual observers is an offense at common law * * *. Ordinarily, * * * the place where the exposure is made must be public. What constitutes a public place within the meaning of this offense depends on the circumstances of the case. The place where the offense is committed is a public one if the exposure be such that it is likely to be seen by a number of casual observers * * *. Indecent exposure on a public highway so that one person sees, and others passing by can see, is an offense * * *." 67 *C. J. S., Obscenity,* Sec. 5. *Hochheimer on Crime and Criminal Procedure,* 2nd Ed., p. 430, defines the common law crime of indecent exposure as consisting of "exposure in public of the

entire person, or of parts that should not be exhibited. An exposure is 'public,' or in a 'public place,' if it occurs under such circumstances that it could be seen by a number of persons, if they were present and happened to look." A number of cases have held that it is immaterial that the exposure is seen by only one person if it occurs at a place open or exposed to the view of the public and where anyone who happened to have been nearby could have seen if he had looked. The rule is stated in *Reg. v. Webb,* 3 Cox, C. C. 183. See also *Morris v. State* (Ga.), 34 S. E. 577, explaining *Reg. v. Webb;* and *Reg. v. Farrell,* 9 Cox, C. C. 446; and *Commonwealth v. Hamilton* (Ky.), 36 S. W. 2d 342. Cases on the subject are collected in a note in 93 *A. L. R.* 996. Cases in which the facts were not significantly different from those of the present case, and were held to constitute the common law offense of indecent exposure, include *Noblett v. Commonwealth* (Va.), 72 S. E. 2d 241, where the accused was sitting in a parked automobile and the exposure was seen only by one young girl; *State v. Walter* (Del.), 43 A. 253; *Commonwealth v. Broadland* (Mass.), 51 N. E. 2d 961; *State v. Goldstein* (N. J.), 62 A. 1006, affd. 65 A. 1119.

Here, the conduct ascribed to the appellant (and found by the trial court to have occurred) could have been seen by anyone who happened to walk or drive by on the busy street where it was taking place. Under those circumstances, it amounted to an offense against public decency.

Indecent exposure, to amount to a crime, must have been done intentionally. Intent may be inferred from the conduct of the accused and the circumstances and environment of the occurrence. The essential intent is a general and not a specific intent. An exposure becomes indecent, and a crime, when defendant exposes himself at such a time and place that, as a reasonable man, he knows or should know his act will be open to the observation of others. *State v. Martin* (Iowa), 101 N. W. 637; *Peyton v. District of Columbia,* 100 A. 2d 36, 37. In the case before us the trial judge properly could have inferred, from the testimony as to the looks the appellant directed towards the girls, which made them feel "funny", and the testimony that appellant had acted in the same way, with

the same girls, on a previous occasion, that his conduct was deliberate and intentional.

Appellant claims that the sentence of four months was unconstitutional, because cruel and unusual, and unlawful, in that it exceeded the maximum provided by Code, 1951, Art. 27, Sec. 144. That section proscribes drunkenness, disorderly conduct, including that caused by profanity, offensive language or indecent exposure of the person, on or about the facilities or cars of any public carrier in the State, and sets a maximum of sixty days imprisonment for violation of its terms. The appellant was not indicted for disorderly conduct as defined in Sec. 144 of Article 27 of the Code but for the common law offense of indecent exposure. It has been held repeatedly that in the case of a common law crime the only restrictions on sentence are that it be within the reasonable discretion of the trial judge—*Apple v. State,* 190 Md. 661, 668; *Swan v. State,* 200 Md. 420, 425; and not cruel and unusual punishment—*Delnegro v. State,* 198 Md. 80, 88. See the discussion of both points in *Roberts v. Warden,* 206 Md. 246. We think the trial court had the power to impose the sentence it did and the claim that it was cruel and unusual merits no extended consideration. The evidence permitted a finding of specific intent on the part of the appellant that two thirteen year old girls see him exposed and, in view of the corrupting effect of such an act, a sentence of four months could scarcely be held to have been beyond a reasonable discretion, and certainly could not under the limitations of the decisions of this Court be declared either cruel or unusual.

*Judgment affirmed, with costs.*