STATE of Arkansas *v.* James R. (a/k/a Sam) BLACK

CR 76-152                    545 S.W. 2d 617

Opinion delivered January 17, 1977
(In Banc)

*Jim Guy Tucker*, Atty. Gen., by: *Jackson Jones*, Asst. Atty. Gen., for appellant.

*Harold L. Hall*, Public Defender, by: *Milton R. Simpson Jr.*, Dep. Public Defender, for appellee.

CARLETON HARRIS, Chief Justice. This is a case of first impression in this state. Sam Black, appellee herein, was incarcerated in the "drunk tank" of the Little Rock city jail with another prisoner, and on February 12, 1976, Officer Gentry, who was employed at the jail, observed Black engaging in oral sex with the other prisoner. The two prisoners were the only ones occupying the "tank" at the time. Black was charged with violation of Ark. Crim. Code § 41-1811 (1976), Public Sexual Indecency, the information charging that the deviate sexual activity mentioned was committed "in a public place or in public view in the Little Rock Police Department Detention Center." The state filed a motion asking the court to rule on whether the Little Rock city jail is a public place under the statute for the purposes of sexual crimes, before jeopardy attaches, in order that the state might preserve its right of appeal. On hearing, the court held that the jail was not a public place within the meaning of the statute and dismissed the case. From such order, the state brings this appeal.

Pertinent portions of the statute at issue provide as follows:

> (1) A person commits public sexual indecency if he engages in any of the following acts in a public place or public view:
>
> (a) an act of sexual intercourse; or
> (b) an act of deviate sexual activity; or
> (c) an act of sexual contact."

Officer Gentry testified that the "drunk tank" is one of the "forward cells," i.e., near the front of the jail area, and that it is open on the east side. The officer stated that it is directly across the hall from another similar cell which is open on the west side; that the latter cell was being occupied by 10 or 11 people.[1]

---

[1] According to Gentry, these people told him that they observed the act between Black and the other prisoner, but, of course, this was hearsay evidence and properly objected to.

The witness said there were two jailers and a supervisor employed at the jail at the time, and that these employees customarily walk up and down the halls. He further stated that prisoners are brought into the jail on an average of about one every two hours and that all customarily will pass by the "drunk cell." Further, Gentry testified that tours of the jail are conducted for the public from time to time, though these tours are in charge of some official at the jail.

It is argued by appellee that the jail is licensed to only a very few members of the public at one time, and there are no "occasional observers in the city jail that could witness an offense."

Ark. Crim. Code § 41-1801 (6) (1976) defines "public place" as "a publicly or privately owned place to which the public or substantial numbers of people have access."

Of course, visitation to a jail by members of the public must necessarily be restricted and subject to supervision by an officer; otherwise, weapons could be brought to prisoners, or, for that matter, some outsider could commit harm to a prisoner.[2]

The case of *Bishoff* v. *The State of Texas*, 531 S.W. 2d 346 (Tex. Crim. App. 1976), bears great similarity to the instant case, even to the statute involved. Bishoff was convicted of sodomy, the act occurring in the "drunk tank" of the city jail. The offense was observed by a police officer as he opened the door to the "tank." Subsequent to the commission of the act, a new criminal code went into effect and Bishoff elected to receive punishment under the new code. The court stated:

"He was convicted of the old Code offense of sodomy, and his election for punishment under the new Penal Code only made it necessary for the trial judge to

---

[2]Though involving a police station house, rather than a jail, the observation of the court in the case of *People v. Fine,* 135 NYS 2d 515, is rather pertinent:

"As the term suggests a 'public place' is a place open to the general public and available for use by the general public without limitation except such as may be required in the interest of safety and good order."

determine from the proof which of the applicable sections of the new Code to apply. Both Secs. 21.06 (homosexual conduct) and 21.07 (public lewdness) replaced the old sodomy statute. Since the proof showed that *the act of deviate sexual intercourse took place in a public place*, (our emphasis), the court did not err in assessing punishment as a Class A misdemeanor under the provisions of said Sec. 21.07."[3]

Summarizing, what is a public place? Primarily, the circumstances must be considered. While the fact situation was different, the language of the Maryland Court of Appeals in the indecent exposure case of *Messina* v. *State*, 212 Md. 602, 130 A. 2d 578, we think, succinctly answers the question asked. There, the court said:

"An exposure is 'public,' or in a 'public place,' if it occurs under such circumstances that it could be seen by a number of persons, if they were present and happened to look."

It is not uncommon for groups of persons to tour a jail, and, according to the evidence in the present case, persons constituting such groups would have no difficulty in seeing acts committed in the "drunk tank;" in other words, if such a tour had been in progress at the time Black committed the act herein set out, he could easily have been observed. Of course, families and friends frequently visit inmates and, as also reflected by the evidence, persons coming into the jail customarily pass the "drunk tank." As already mentioned, Black and his companion were in plain view of the inmates across from the cell.

[3] V.T.C.A. Penal Code, Sec. 21.07, sets forth the offense of "Public Lewdness" as follows:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:
"(1) an act of sexual intercourse;
"(2) an act of deviate sexual intercourse;
"(3) an act of sexual conduct;
"(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl."

It follows from what has been said that the court erred in holding that the offense did not occur in a public place. The judgment is accordingly reversed and the case remanded for further proceedings not inconsistent with this opinion.

HICKMAN, J., not participating.