710 P.2d 99

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clifford ROMERO, Defendant-Appellant.**

**No. 8308.**

Court of Appeals of New Mexico.

Oct. 17, 1985.

Certiorari Denied Nov. 6, 1985.

Paul G. Bardacke, Atty. Gen., Alicia Mason, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Lynne Fagan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant was convicted of attempted sexual penetration of a child under the age of thirteen, criminal sexual contact of a minor, and two counts of indecent exposure. Initially, defendant appealed each of the convictions; however, following the filing of the docketing statement herein, defendant did not oppose this court's proposed summary affirmance of his convictions, except for the two convictions of indecent exposure to a minor. Issues raised in the docketing statement but not briefed on appeal are deemed abandoned. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205 (Repl.Pamp.1983); *State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982); *State v. Edwards*, 97 N.M. 141, 637 P.2d 572 (Ct.App.), *cert. denied*, 97 N.M. 621, 642 P.2d 607 (1981).

The single issue presented on appeal is whether defendant's deliberate display of his genital area, on two different occasions before a minor child in the household

wherein he was living, constituted the offense of indecent exposure. We reverse.

### FACTS

During the spring and fall of 1983, defendant was romantically involved with Christine C., not his wife. Defendant lived during this period at the home of his girlfriend and her two daughters, ages eight and twelve. On one occasion, during September 1983, the eight-year-old daughter of defendant's girlfriend was in the living room of the home when defendant entered the room and opened his robe. The youth testified that defendant was wearing no clothes under his robe and that he appeared to deliberately open the robe to her view. No other persons were present in the room when this incident occurred.

On another occasion, in October 1983, during her mother's absence from the house, the twelve-year-old daughter was in the kitchen washing dishes, when defendant came into the room and opened his robe so as to expose himself in full view. Defendant was wearing nothing underneath the robe, and the child testified that defendant started "playing with himself." Defendant was acquitted of a third charge of indecent exposure alleged to have occurred in the bathroom of the residence at a time when the older daughter was taking a shower. The older child stated that she did not initially reveal these incidents to her mother because she was afraid of defendant; she also stated that during October 1983, defendant threatened her with a knife when she told him that she was going to tell her mother.

### OFFENSE OF INDECENT EXPOSURE

Defendant admitted that the two incidents of exposure occurred, but on appeal argues that since the exposures occurred inside the confines of a private home, the evidence was insufficient to support a finding that he had indecently exposed himself to "public view" as proscribed by the statute.

The offense of indecent exposure as defined by NMSA 1978, Section 30-9-14 (Repl.Pamp.)

Indecent exposure consists of a person knowingly and intentionally *exposing his primary genital area to public view.* Primary genital area means the mons pubis, penis, testicles, mons veneris, vulva or vagina. [Emphasis added.]

The statute declares that the offense of indecent exposure before a child under thirteen years of age is a misdemeanor. In all other cases, commission of the offense is declared to be a petty misdemeanor. The words "public view" are not defined by statute, and the appellate courts of this state have not previously interpreted this language.

Indecent exposure was an offense under common law. Annot., 94 A.L.R.2d 1353, 1355 (1964). Section 3 of Annot., 94 A.L.R.2d states that: "the elements of the offense of indecent exposure at common law are a wilful and intentional exposure, [occurring] in a public place and in the presence of an assembly." *Id.* at 1355. In *State v. Black,* 260 Ark. 864, 545 S.W.2d 617 (1977), the court noted that in an Arkansas statute prohibiting sexual indecency, "public place" was defined as "a publicly or privately owned place to which the public or substantial numbers of people have access." *Id.* at 866, 545 S.W.2d at 618. *See also* Annot. 96 A.L.R.3d 692 (1979).

Under the majority English common law view, the public place element required the presence of more than one person; however, American jurisdictions have split on the question of whether more than one viewer is required in order to constitute the offense of indecent exposure. *State v. Pallman,* 5 Conn.Cir. 202, 248 A.2d 589 (1968). A number of jurisdictions adhere to the rule that in order to support a charge of indecent exposure, it is not necessary to show that more than one person actually saw the act if it was performed in a place subject to public view where others might have witnessed the incident. Annot., 94 A.L.R.2d 1353, 1357. *See Messina v. State,* 212 Md. 602, 130 A.2d 578 (1957); *Commonwealth v. Broadland,* 315 Mass.

20, 51 N.E.2d 961 (1943); *Noblett v. Commonwealth*, 194 Va. 241, 72 S.E.2d 241 (1952). *E.g. People v. Legel*, 24 Ill.App.3d 554, 321 N.E.2d 164 (1974). *But see State v. Wolf*, 211 Mo.App. 429, 244 S.W. 962 (1922).

By statute in some jurisdictions, when a child or children are the victims, commission of the offense is not restricted to a public place. Annot., 94 A.L.R.2d 1353, 1364 (1964). New Mexico previously enacted a similar statute but has subsequently revised the statute to add the requirement that the offense occur in "public view." *See* NMSA 1953, § 40–34–21 (1949 N.M. Laws, ch. 140, § 1). As discussed in Section 9 of Annot., 94 A.L.R.2d 1353, 1364–65:

A number of states have statutes expressly prohibiting indecent exposures to children. The elements of the offense under such statutes appear to be similar to those which are found under the more general statutes, but with the important exception that they apply only to exposures to children under a specified age, and they include no requirement that the exposure be in a public place or where persons other than the child involved might see it.

Examination of the legislative history of the offense in New Mexico reveals that this state prior to 1975 had two separate statutes proscribing the offense of indecent exposure and other lewd sexual behavior. *See* NMSA 1953, § 40–34–20 (1903 N.M. Laws, ch. 117, § 1); NMSA 1953, § 40–34–21 (1949 N.M. Laws, ch. 140, § 1). These early statutes consisted of a general statute declaring indecent exposure in a "public place" to constitute criminal behavior (a misdemeanor), and a separate statute prohibiting indecent exposure or lewd behavior upon a child under the age of eighteen (a felony). *Id.*

As provided in former statute NMSA 1953, Section 40–34–21, "any indecent demonstration or exposure upon, or in the presence of any person under the age of eighteen (18) years" was declared to be a felony. As originally enacted, this statute had no requirement that the offense be committed in a "public place" or in "public view." NMSA 1953, Section 40–34–20 was designed to protect persons over eighteen years of age from being subjected to indecent and offensive sexual exposure and provided that "any person who shall ... indecently expose his person in or upon the streets or other *public places* in any unincorporated village, town or city * * * shall be guilty of a misdemeanor * * *." [Emphasis added.]

The 1963 revised Criminal Code rewrote the two statutes, but continued treating the offenses separately. *See* NMSA 1978, § 40A–9–8 (1963 N.M. Laws, ch. 303, § 9–8); NMSA 1978, § 40–9–9 (1963 N.M. Laws, ch. 303, § 9–9). The 1963 revision of these statutes provided that any indecent demonstration or exposure of a person's nude body before a child constituted a felony, but lowered the age of the victim from "under eighteen years" to "under sixteen years." Laws 1963, ch. 303, § 9–9. The 1963 revision also materially rewrote the general statute pertaining to indecent exposure and deleted the words "expose his person in or upon the streets or other public places" to provide that: "Indecent exposure consists of knowingly and indecently exposing the private parts or sexual organs of a person to the *public view*." [Emphasis added.] Laws 1963, ch. 303, § 9–8.

In 1975, the legislature again amended the two statutes, this time combining the general indecent exposure statute with the statute proscribing lewd and indecent exposure in the presence of a child. NMSA 1978, § 30–9–14 (1975 N.M. Laws, ch. 109, § 5). The 1975 legislative amendment lowered the age of a minor victim from sixteen years to thirteen, and changed the penalty for indecent exposure before a child from a felony to a misdemeanor.

Since the legislature in 1963 added the requirement that indecent exposure must occur in "public view", the legislative enactment criminalizes indecent exposure which occurs in a location rendering it subject to "public view." Webster's New Collegiate Dictionary at 932 (1977), defines "public" as "a place accessible or visible to

the public * * *." NMSA 1978, UJI Crim. 9.70 (Repl.Pamp.1982), delineates the elements of the offense of indecent exposure. The Committee Comment to UJI Criminal notes that the scope of the term "public" is not defined in the statute. The committee, without citing authority, interpreted the import of the statute to mean that it was designed to protect "any group of persons who would ordinarily expect to be protected against a visual assault." In *Robey v. State*, 75 Misc.2d 1032, 351 N.Y.S.2d 788 (1973), a New York court construed the term "public view" as it was utilized in a New York statute and declared it to be a criminal offense for an individual to expose to public view a defaced United States flag or standard. The court interpreted the words "public view" literally and held that the placing of an American flag or banner on an interior wall of a mobile van did not constitute exposure to "public view."

▇▇▇ Intent is an element of the crime of indecent exposure. Section 30-9-14. The intent necessary is a general intent, not a specific intent, i.e., it is not necessary that the exposure be made with the intent that some particular person see it, but only that the exposure be made where it is subject to being viewed by a person or persons which the law seeks to protect from exposure to such lewd conduct. To come within the reach of the offense of indecent exposure, the act must involve an open display of one's genital area coupled with the intent to indecently expose one's self. Unintentional or inadvertent acts involving exposure of a person's body to either an adult or child as a result of carelessness, particularly when the events occur in the privacy of one's home, do not constitute a criminal offense. *Hearn v. District of Columbia*, 178 A.2d 434 (D.C. App.1962). What constitutes a public place within the meaning of the statute depends on the circumstances of each case. *Messina v. State*, 212 Md. 602, 130 A.2d 578 (1957).

▇▇▇ Since the legislature has added the words "public view" to the first paragraph of the redrafted statute, the offense must be intentionally perpetrated in a place

accessible or visible to the general public to come within the ambit of proscribed criminal behavior. The second paragraph of Section 30-9-14 provides that "whoever commits indecent exposure before *a child* under the age of thirteen is guilty of a misdemeanor." [Emphasis added.] This portion of the statute evinces an intent that the exposure, in order to constitute criminal conduct, need only occur in the presence of a single child. The first and second paragraphs of Section 30-9-14 read together indicate that the offense of indecent exposure occurs when the act is intentionally perpetrated before a child under the age of thirteen, in a place accessible or visible to the general public.

Given the legislative history, it may be that the words, "public view" were inadvertently inserted in the 1975 amendment. In practical effect, what the 1975 amendment accomplished was the broadening of situations in which adults can be the victims of indecent exposure and the narrowing of circumstances in which children are victimized by indecent exposures. Until the legislature sees fit to remedy this incongruity, however, we are bound to interpret the statute by its plain and clear meaning.

▇▇▇ It is undisputed that the acts of defendant upon which the state relied to establish the convictions of indecent exposure occurred within the confines of a private residence. Defendant's acts were not subject to being viewed by the public generally or by persons situated outside the home. Under these facts, the evidence does not support a finding that defendant intentionally exposed himself to "public view" as proscribed by the statute. *Compare State v. Leyba*, 80 N.M. 190, 453 P.2d 211 (Ct.App.) (defendant's acts of indecently touching a minor and talking indecently to the child constituted contributing to the delinquency of a minor), *cert. denied*, 80 N.M. 198, 453 P.2d 219 (1969).

Defendant's convictions of indecent exposure are reversed.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.