811 P.2d 585

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**James ARTRIP, Defendant–Appellant.**

**No. 12817.**

Court of Appeals of New Mexico.

April 8, 1991.

Certiorari Denied May 15, 1991.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

APODACA, Judge.

Defendant appeals his convictions for indecent exposure to a child and contributing to the delinquency of a minor. Our second calendar notice proposed summary affirmance. Defendant has filed a memorandum in opposition to our proposed disposition. Not being persuaded by defendant's arguments, we affirm.

The child testified that, as she was walking down a street, a pickup truck pulled up beside her. The man in the pickup told her he would give her $100 if she could assist him with the location of an address. At the same time, the man extended his arm out of the truck's window. He held a piece of paper and some money in his hand. When the child went to the side of the truck, the man withdrew his hand and placed it in front of him. When the child looked at the money, she saw the man's penis sticking up outside of his pants. She then ran away. The child later identified defendant as the man in the truck.

 Indecent exposure requires a knowing and intentional exposure of the primary genital area to public view.

NMSA 1978, § 30–9–14 (Repl.Pamp.1984). "Public view" is not defined by the statute but depends on the circumstances of each case. *State v. Romero*, 103 N.M. 532, 536, 710 P.2d 99, 103 (Ct.App.1985). We held in *Romero* that public view required that "the offense must be intentionally perpetrated in a place accessible or visible to the general public." *Id.* The place where the exposure is committed is a public place if the exposure is such that it is likely to be seen by a number of casual observers. *Id.; see also Messina v. State*, 212 Md. 602, 130 A.2d 578 (1957).

■ In this appeal, defendant was sitting in the cab of his pickup, which was parked on a residential street. The incident occurred during daylight hours in a vehicle with windows low enough for an eleven-year-old girl to look in. Defendant argues that he could not be seen by a casual observer and that the child had to walk up to the window and look down at his lap. We disagree that, simply because a child would have to come to the window and look down at his lap, defendant was not exposed to the public view as contemplated by our statute. Adults walking on the sidewalk could have seen into defendant's truck without any special effort. *See Commonwealth v. Davidson*, 220 Pa. Super. 451, 289 A.2d 250 (1972) (recognizing such situations as a passing public or school bus, or a pedestrian walking on the sidewalk adjacent to the passenger side of the vehicle). Defendant's argument emphasizes that this particular child had to go to the driver's side of the truck and direct her attention to defendant's lap. Defendant's emphasis is misplaced. Instead, the important factual basis for defendant's conviction was that he was exposing himself in a place that was accessible or visible to the general public. Additionally, we note, as was the case in *Davidson*, it is relevant that defendant attracted attention to himself by asking directions of the child.

Defendant analogizes the facts of this appeal to the facts in *People v. Tolliver*, 108 Cal.App.3d 171, 166 Cal.Rptr. 328 (1980). There, the defendant claimed the trial court erred in failing to instruct on lewd and disorderly conduct, which the pertinent statute required to be committed in a public place, as a necessarily included offense of indecent exposure. Under the California statute prohibiting indecent exposure, the offense was a felony and could be committed in a public place or in any place where there were present other persons to be offended or annoyed. *Id.* In *Tolliver*, the defendant was standing inside his house and the victim was standing outside on the front doorstep. The court stated that the defendant was not in a place exposed to public view, but rather in a place he had set up as one in which there was a person to be offended. Defendant here claims that he was inside the privacy of his truck. The cab of a truck, however, is open to public view. *See State v. Powell*, 99 N.M. 381, 658 P.2d 456 (Ct.App.1983). We believe *Tolliver* is distinguishable, both on its facts and on the relevant statutes. We do not consider the cab of a pickup truck as analogous to a person's home.

Defendant's docketing statement raised several other issues. The memorandum in opposition stated that defendant had no additional argument with respect to these issues. We thus affirm on those issues for the reasons stated in our first and second calendar notices. *See State v. Mondragon*, 107 N.M. 421, 759 P.2d 1003 (Ct.App.1988).

■ We hold that the cab of a pickup truck parked on a public street in daylight hours is open to the public view and that defendant's actions consequently fall within the meaning of indecent exposure under Section 30–9–14. We therefore affirm the conviction for indecent exposure to a child.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.