This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

**v.**                                                            **No. 33,643**

**TYRON F. SUTTON**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Defendant has appealed his conviction for aggravated battery (with great bodily harm). We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition

and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3} As an initial matter, we note that Defendant has not renewed the first argument advanced in the docketing statement. We therefore turn our attention to the two remaining issues, by which Defendant has challenged limitations upon cross-examination of the victim concerning his prior convictions and his mental health issues. [MIO 11-30] *See generally State v. Romero*, 1985-NMCA-096, ¶ 1, 103 N.M. 532, 710 P.2d 99 ("Issues raised in the docketing statement but not briefed on appeal are deemed abandoned.").

{4} With respect to prior felony convictions, the memorandum in opposition clarifies that Defendant was only permitted to elicit the fact that the victim had been convicted in New Mexico in 2013, and in Florida more than ten years previously. [MIO 6] The district court precluded Defendant from presenting extraneous evidence of the victim's Florida convictions. [MIO 6-7] We remain unpersuaded that the district court erred. Given the age of the Florida convictions, they should only have been

2

admitted if their probative value *substantially* outweighed their prejudicial effect. *See* Rule 11-609(A), (B)(1) NMRA. Moreover, only the fact of the convictions, as opposed to the specifics, could have been presented. *See State v. Williams*, 1966-NMSC-145, ¶ 11, 76 N.M. 578, 417 P.2d 62 ("We do not mean to suggest that cross-examination as to a prior conviction may go beyond eliciting . . . the fact of his prior conviction, and the name of the particular offense."). Insofar as Defendant specifically sought to present evidence of "the details" because the conviction or convictions "involved conduct similar to what was alleged" in this case, [MIO 6] thereby attempting to "corroborate [Defendant's] account" that the victim had threatened and attacked him first, [MIO 4, 9, 20] the district court properly concluded that the proposed line of cross-examination was foreclosed. *See generally State v. Armendariz*, 2006-NMSC-036, ¶ 17, 140 N.M. 182, 141 P.3d 526 (holding that "evidence of specific instances of a victim's prior violent conduct may not be admitted to show that the victim was the first aggressor" under Rule 11-405(B) NMRA), *overruled on other grounds by State v. Swick*, 2012-NMSC-018, ¶ 31, 279 P.3d 747.

{5}     In his memorandum in opposition Defendant attempts to distinguish this case on the theory that the specifics relative to the prior conviction should have been admitted for the purpose of establishing the victim's modus operandi. [MIO 16, 18, 19-25] However, that argument does not appear to have been presented in a manner

which could reasonably be said to have alerted the trial court to Defendant's theory. [MIO 20] *See generally State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon). Moreover, even if the argument had been properly preserved, it lacks merit. Prior-bad-acts evidence is only admissible to establish "modus operandi" if identity is at issue and the similarity of the other crime demonstrates "a unique or distinct pattern easily attributable to one person." *State v. Peters*, 1997-NMCA-084, ¶ 14, 123 N.M. 667, 944 P.2d 896 (internal quotation marks and citation omitted). In this case identity was not an issue and the victim's alleged acts do not represent a unique or distinct pattern of criminal behavior. [MIO 4, 6] We therefore reject Defendant's assertion that the district court abused its discretion in limiting the scope of cross-examination on the subject of prior felony convictions.

**{6}** We are similarly unpersuaded that the district court improperly limited cross-examination on the subject of the victim's mental health issues. The memorandum in opposition indicates that defense counsel was permitted to ask the victim about medications he was taking. [MIO 7] The victim identified a number of specific drugs, and explained that he took them because he suffered from panic attacks, anxiety, and

explosive temper. [MIO 7] The victim denied that his medications impacted his memory. [MIO 8] Defense counsel was also permitted to elicit testimony from a friend that the victim had a drinking problem, that he frequently mixed alcohol with his medications, and that this practice was dangerous. [MIO 9] Counsel was only prevented from asking the victim further questions about how the medications affected him, particularly when mixed with alcohol. [MIO 7, 27] Although Defendant speculates that further cross-examination on this topic would have yielded relevant and probative evidence, [MIO 27-28] we decline to indulge the speculation. On balance, the district court's evidentiary rulings reflect a thoughtful balancing of pertinent considerations, including relevance, probative value, and prejudicial effect. *Cf. State v. Meadors*, 1995-NMSC-073, ¶¶ 31, 33, 121 N.M. 38, 908 P.2d 731 (upholding the district court's limitation of cross-examination concerning the extent of the victim's drug abuse, in light of its limited probative value and the prejudicial effect of the evidence). We therefore reject Defendant's assertion of error.

{7}    Finally, we turn to the motion to amend. Such a motion will only be granted if the issues sought to be raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 (providing that we deny motions to amend that raise issues that are not viable), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. By his motion Defendant seeks to

advance claims of ineffective assistance and cumulative error. [MIO 30-35] For the reasons that follow, we conclude that neither argument is viable. We therefore deny the motion.

**{8}** Defendant's claim of ineffective assistance is premised upon counsel's failure to cross-examine the victim about a prior inconsistent statement, as well as counsel's failure to pursue further questions relating to the victim's medications after the State opened the door. [MIO 30-33] For the present purposes, we will presume that counsel's conduct was unreasonable. *See generally State v. Sotelo*, 2013-NMCA-028, ¶ 31, 296 P.3d 1232 (describing the two prongs of the test for ineffective assistance claims). However, Defendant has not demonstrated that the outcome of the trial would have been different but for this failure. *See generally id.* In this case the victim testified, and the State presented independent evidence of the victim's serious injuries. Although defense counsel's strategy was to attack the victim's credibility, the evidence presented against Defendant, "even considering Defendant's efforts to discredit" that evidence, is "too strong for us to conclude that the trial would have been any different absent defense counsel's error[s]." *Id.* ¶ 34 (internal quotation marks omitted). We therefore conclude that Defendant has failed to establish a prima facie case of ineffective assistance. However, we reach this conclusion without prejudice to Defendant's pursuit of habeas corpus proceedings on this issue and the

development of a factual record. *See State v. Gonzales*, 2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162.

**{9}** Finally, because we reject Defendant's arguments and find no error, the cumulative error doctrine does not apply. *See State v. Salas*, 2010-NMSC-028, ¶ 40, 148 N.M. 313, 236 P.3d 32.

**{10}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{11}** **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**