## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 25 2018, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David K. Payne
Braje, Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carlos Owens,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 25, 2018

Court of Appeals Case No.
18A-CR-160

Interlocutory Appeal from the
LaPorte Superior Court

The Honorable Richard R.
Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-1708-CM-2249

**Crone, Judge.**

# Case Summary

Carlos Owens, an inmate in the Indiana State Prison, was charged with class A misdemeanor public indecency and class B misdemeanor harassment. Owens filed a motion to dismiss the public indecency charge, claiming that the facts stated in the charging information did not constitute that offense. The trial court denied his motion. He brings this interlocutory appeal, claiming that the trial court abused its discretion in denying his motion to dismiss. Finding that the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

Within the walled-off Indiana State Prison campus is an education building that serves as a school and a work location. GED classes and vocational classes for offenders are held in the building, which has a library and a food service area. Both offender and non-offender employees have various job duties in the building. The Department of Correction routinely gives tours of the building to non-state employees and government groups. Tr. Vol. 2 at 10-11. A person must pass through security and register either as a guest or an employee to gain access to the building. *Id.* at 12.

On May 3, 2017, Owens was in a hallway in the building. The hallway is in the shape of a square around which classrooms and other rooms with windows are situated, and offenders or staff walk around to get from one area to the other. *Id.* at 11. Because of this layout, a person standing on a given corner has an unobstructed view of the intersecting hallways. *Id.* at 12. In full view of the

surveillance cameras, Owens stood in a corner, pulled out his penis, and masturbated. He stopped masturbating, looked around, walked a few feet away, dropped his pants, and began to masturbate again. He stripped off his "shirt, shoes, pants and underwear" in the hallway and continued masturbating until he ejaculated on the floor. State Ex. 1. Owens grabbed his clothes and ran to the opposite end of the hallway to get dressed. He walked back down the hallway and cleaned up his bodily fluids. Surveillance camera footage showed other people in the hallways around the area where Owens was observed masturbating. *Id.*

[4] In August 2017, the State charged Owens with class A misdemeanor public indecency and class B misdemeanor harassment. In October 2017, Owens filed a motion to dismiss the public indecency charge, claiming that the facts stated in the charging information did not constitute that offense because a hallway within a prison may not be considered a public place for purposes of the public indecency statute. The trial court conducted a hearing during which Charles Whelan, an investigator with the Department of Correction, testified to the foregoing facts about the building. The trial court subsequently denied Owens's motion to dismiss. This interlocutory appeal ensued.

## Discussion and Decision

[5] Owens contends that the trial court erred in denying his motion to dismiss. Under Indiana Code Section 35-34-1-4(a)(5), a trial court may dismiss a charging information if the facts stated do not constitute an offense. The purpose of Indiana Code Section 35-34-1-4(a)(5) is to "establish facts that aid in

a determination of whether an offense has properly been charged against the defendant as a matter of law." *State v. Bryant*, 4 N.E.3d 808, 809-10 (Ind. Ct. App. 2014), *trans. denied*. "Generally, the facts alleged in the information are to be taken as true." *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012). We review a trial court's denial of a motion to dismiss for an abuse of discretion and will reverse only where the decision is "clearly against the logic and effects of the facts and circumstances." *Ceaser v. State*, 964 N.E.2d 911, 918 (Ind. Ct. App. 2012), *trans. denied*. A trial court abuses its discretion when it misinterprets the law. *State v. Thakar*, 82 N.E.3d 257, 259 (Ind. Ct. App. 2017).

[6] Indiana Code Section 35-45-4-1(a)(4) provides that a person who knowingly or intentionally, in a public place, fondles the person's genitals or the genitals of another person, commits public indecency, a class A misdemeanor. The charging information alleges that Owens "did knowingly or intentionally, in a public place, fondle his own genitals, to wit: Owens masturbated in the hallways of the Indiana State Prison while peeking into [an] office." Appellant's App. Vol. 2 at 8. In Owens's motion to dismiss, he asserted that the facts stated in the charging information did not constitute the offense of public indecency because "the hallway within a prison may not be considered a public place for purposes of the public indecency statute." *Id.* at 28.

[7] The term "public place" is not defined by the public indecency statute. In *State v. Baysinger,* our supreme court recited the following language from a gambling-related case in addressing a vagueness challenge to the public indecency statute:

Webster defines 'public' as 'open to common and general use, participation, or enjoyment' of the public. It has been held that the term 'public place' as used in statutes pertaining to gambling, includes any place which for the time being is made public by the assemblage of people who go there with or without invitation and without restraint.

A place may be accessible to the public for gambling notwithstanding that every person who desires is not permitted access thereto.

It has also been held in a case involving a prohibition law that by 'public' is meant that the public is invited to come to the place and has access to it for the purpose within the scope of the business there maintained.

'Accessible to the public' as used in the Act here in question has not been defined by either of the courts of appeal of this State, nor have we been able to find definition by the courts in other jurisdictions.

From a consideration of the terms 'accessible', 'public', and 'public place', as defined hereinabove, together with the purpose of the Act, we have concluded that the phrase 'in any place accessible to the public' as used in [the relevant statute], means any place where the public is invited and are free to go upon special or implied invitation a place available to all or a certain segment of the public.

272 Ind. 236, 397 N.E.2d 580, 583 (1979) (citations and quotation marks omitted) (quoting *Peachey v. Boswell*, 240 Ind. 604, 621-22, 167 N.E.2d 48, 56-57 (1960)). The *Baysinger* court found "no merit in the contention that the [public

indecency] statute is vague because the word public is undefined." *Id*. at 241, 397 N.E.2d at 583.[1]

[8] This Court has stated that the purpose of the public indecency statute is to "protect the non-consenting viewer who might find such a spectacle repugnant." *Thompson v. State*, 482 N.E.2d 1372, 1375 (Ind. Ct. App. 1985). Whether in fact the public can or does enter a place is simply one factor in determining whether it is public in nature. *Lasko v. State*, 409 N.E.2d 1124,1129 (Ind. App. Ct. 1980). The factor of reasonably foreseeable, potential witnessing of the prohibited conduct is also significant. *Id.*

[9] Owens notes that the building's hallway, where he masturbated, was enclosed within the prison walls, and he argues that because of the "multiple layers" of limitations and restrictions on persons entering the prison campus, the "public" could not witness him masturbating. Appellant's Br. at 9. He further contends that "everyone entering inside the [Indiana State Prison] wall would be entering for personal business" with the prison, thus not every member of the public is impliedly invited or encouraged to enter the prison. *Id.* at 11. He relies in part on *Lasko*, in which our Court held that a locked room of a massage parlor was not a public place for purposes of the public indecency statute because "the public was not free to enter without restraint." 409 N.E.2d at 1128. Owens further compares the hallway where he masturbated to the apartment hallway in *State v. Culp,* in which our Court found that an enclosed hallway of an

---

[1] Owens does not argue on appeal that the public indecency statute is unconstitutionally vague.

apartment house was not a public place for purposes of the public intoxication statute because the general public is not invited to enter common areas of an apartment house except when they have personal business with the tenants. 433 N.E.2d 823, 826 (Ind. Ct. App. 1982), *trans. denied* (1983).

[10] In *Wright v. State,* our Court distinguished *Culp,* finding that an enclosed hallway in a hotel was considered a public place for purposes of the public intoxication statute. 772 N.E.2d 449, 455 (Ind. Ct. App. 2002). The *Wright* court reasoned that a hotel hallway is visited by many people, hotel guests expect to enjoy little privacy outside their individual rooms, and guests are aware that they may encounter unfamiliar members of the public in the hallways and other common areas. *Id.* at 56.

[11] Here, we find the hotel hallway in *Wright* more similar to the hallway where Owens masturbated than the apartment hallway in *Culp.* The building serves as a work and a school location. Whelan testified that the hallway in the building was a "general hallway" where visitors including civilian employees, staff, tour groups, and other offenders would be walking around to get to classrooms, a library, and a food service area. Tr. Vol. 2 at 11. The surveillance camera footage showed people in the hallway where Owens was masturbating. Thus, there was a high probability that visitors, staff, tour groups, and other offenders could potentially witness Owens masturbating.

[12] We therefore conclude that the hallway where Owens masturbated was a public place for purposes of the public indecency statute. *See Thompson v. State,* 482

N.E.2d 1372, 1375 (Ind. Ct. App. 1985) (holding that "a film-viewing booth" within adult store was public place for purposes of public indecency statute when genitals placed through a hole were susceptible to view by members of the public who were free to enter adjoining booth without restriction); *see also Arkansas v. Black*, 545 S.W.2d 617, 619 (Ark. 1977) (holding that "drunk tank" was public place for purposes of public sexual indecency statute because of the possibility of being observed by persons on an occasional tour of the jail, frequent visitors to inmates, and the other inmates present); *Barnes v. Commonwealth,* 737 S.E.2d 919, 922 (Va. Ct. App. 2013) (holding that cell in lockup where inmate was masturbating while other inmates and authorized persons were present constituted public place for purposes of indecent exposure and sexual display statutes). The trial court did not abuse its discretion in denying Owens's motion to dismiss his public indecency charge.

[13] Affirmed.

Najam, J., and Pyle, J., concur.