This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36021**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTHONY DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Lahann Law Firm, LLC
Jeff C. Lahann
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Anthony Duran conditionally pled guilty to possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23(A) (2011, amended 2019), and speeding, contrary to NMSA 1978, Section 66-7-301 (2002, amended 2015), and was sentenced to eighteen months of supervised probation. Having reserved his right to appeal the district court's denial of his motion to suppress, Defendant argues that the district court erred by: (1) not finding that his arrest and subsequent search were illegal; and (2) not finding that he was entitled to relief under the exclusionary rule for a

violation of Article II, Section 10 of the New Mexico Constitution. For the reasons that follow, we affirm.

**BACKGROUND**

**{2}** The stipulated facts[1] are as follows: On November 28, 2014, an officer with the Las Cruces Police Department pulled Defendant over for speeding. The officer had reasonable suspicion to make the traffic stop. After running Defendant's license information through the computer in his patrol car, the officer received information that Defendant's license had been revoked and arrest was required. Central dispatch for the Las Cruces Police Department also confirmed that their computer showed Defendant's license was revoked and arrest was required. The information about the status of Defendant's license was provided by the state Motor Vehicle Division (MVD). The information was erroneous, as Defendant's license was valid at the time of the incident. Other than the information provided by MVD, the officer did not have any reason to arrest Defendant. During a search of Defendant incident to his arrest, the officer found the contraband supporting Defendant's possession of a controlled substance charge.

**{3}** Defendant moved to suppress all of the evidence obtained from his arrest and subsequent search, arguing for application of the exclusionary rule under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. At the hearing on Defendant's motion, defense counsel noted that this was an issue of first impression in New Mexico and suggested various policy reasons why the search should be deemed invalid under the broad protections our courts afford under Article II, Section 10 of the New Mexico Constitution. At the conclusion of the hearing, the district court denied Defendant's motion to suppress, citing federal cases and its knowledge of New Mexico case law concerning mistakes of fact.

**{4}** Defendant subsequently entered into a conditional plea agreement that was accepted by the district court. Defendant appeals, raising arguments only under Article II, Section 10 of the New Mexico Constitution.

**DISCUSSION**

**I. Standard of Review**

**{5}** "Appellate review of a district court's ruling on a motion to suppress involves a mixed question of fact and law." *State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95 (internal quotation marks and citation omitted). "We review the contested facts in a manner most favorable to the prevailing party and defer to the factual findings of the district court if substantial evidence exists to support those findings." *Id.* "[W]e

---

1Because the stipulated facts themselves were not incorporated into the record proper, we rely on Defendant's recitation of them, which the State did not challenge. Furthermore, we note that no witnesses testified at the hearing and that neither party disputes that the district court relied on these stipulated facts in deciding Defendant's motion to suppress.

then review de novo the [district] court's application of law to the facts to determine whether the search or seizure were reasonable." *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861. Because the pertinent facts are not in dispute, our review is de novo. *See State v. Tapia*, 2018-NMSC-017, ¶ 10, 414 P.3d 332.

## II. The Parties' Arguments on Appeal

**{6}** Defendant argues that the arrest clause in his MVD record "was tantamount to an arrest warrant." Defendant contends that his arrest cannot be characterized as warrantless because the arresting officer did not have to undertake further investigation and instead had to accept the information in the record that Defendant's arrest was required. *Cf.* NMSA 1978, § 66-8-125(B) (1978) ("To arrest without warrant, the arresting officer must have reasonable grounds, based on personal investigation which may include information from eyewitnesses, to believe the person arrested has committed a crime."). Therefore, because the purported arrest warrant was based on an erroneous MVD record, Defendant argues that it should be invalidated, which he contends would render his arrest illegal under Article II, Section 10 of the New Mexico Constitution and require suppression of all evidence obtained after his arrest.

**{7}** The State argues that the arrest clause is not the equivalent of an arrest warrant because MVD clerks are not acting as judges and are instead "simply keeping records of the status of an individual['s] license." Accordingly, the State contends that Defendant's arrest and subsequent search should be evaluated as being warrantless because "[i]t is the statute and the officer's status as a peace officer, not MVD, that give officers the power to arrest for violations of [NMSA 1978,] Section 66-8-122(G) [(1985)]."[2]

**{8}** As an initial matter, we note that the argument Defendant presents on appeal—that his arrest and subsequent search should be analyzed as if done pursuant to a warrant—is the opposite of the argument Defendant presented to the district court—that his arrest and subsequent search should be analyzed as being warrantless. While the State has not objected to Defendant's argument to this Court on preservation grounds, we believe Defendant has failed to preserve this argument based on our review of the record. *See* Rule 12-321(A) NMRA ("To preserve a question for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *State v. Lopez*, 2009-NMCA-127, ¶¶ 15-16, 147 N.M. 364, 223 P.3d 361 (declining to review the defendant's unpreserved arguments when the "[d]efendant did not alert the district court at any time to his current arguments and, as a result, the district court did not consider these arguments as the basis for its ruling on suppression"); *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (requiring preservation of theories for suppression of evidence claims). Nevertheless, we exercise our discretion to address Defendant's unpreserved argument because it concerns his fundamental rights. *See* Rule 12-321(B)(2)(d) (allowing the appellate court to consider, in its discretion, issues involving "fundamental rights of a party"); *State v. Gomez*, 1997-NMSC-006, ¶ 31 n.4,

---

2Defendant did not file a reply brief. Accordingly, Defendant has not responded to the State's contention that this situation should be analyzed as a warrantless arrest and subsequent search.

122 N.M. 777, 932 P.2d 1 (stating that "freedom from illegal search and seizure is a fundamental right").

**{9}** Our analysis of the parties' arguments begins with the threshold matter of whether the arrest clause is equivalent to an arrest warrant.

### III.     The Arrest Clause Is Not Equivalent to an Arrest Warrant

**{10}** Article II, Section 10 of the New Mexico Constitution provides, in relevant part, that "no warrant to . . . seize any person . . . shall issue without describing . . . the persons . . . to be seized, nor without a written showing of probable cause, supported by oath or affirmation." Our Supreme Court had adopted rules to guide the courts of New Mexico in the issuance of arrest warrants. *See* Rule 5-208 NMRA (governing the issuance of warrants and summons by New Mexico district courts); Rule 6-204 NMRA (governing the same for New Mexico magistrate courts); Rule 7-204 NMRA (governing the same for New Mexico metropolitan courts); and Rule 8-203 NMRA (governing the same for New Mexico municipal courts).

**{11}** Those rules generally provide that a court can issue an arrest warrant on the docketing of an action. Rule 5-208(A); Rule 6-204(A); Rule 7-204(A); Rule 8-203(A). Those rules further provide the court may issue a warrant only based on

> a sworn statement of the facts showing probable cause that an offense has been committed. The showing of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished. Before ruling on a request for a warrant, the court may require the affiant to appear personally and may examine under oath the affiant and any witnesses produced by the affiant, provided that such additional evidence shall be reduced to writing and supported by oath or affirmation.

Rule 6-204(B); Rule 7-204(B); Rule 8-203(B); *see* Rule 5-208(D).

**{12}** Defendant does not argue that the purported arrest warrant was issued by a New Mexico court. Rather, Defendant contends that it was issued by "a public civil officer at [MVD]." However, Defendant fails to develop any argument as to whether "a public civil officer at [MVD]" has the authority to issue a purported arrest warrant.[3] Defendant also

---

3Later in his brief, Defendant directs us to the MVD website in support of his contention that "MVD works hand-in-hand with local law enforcement agencies in exercising broad statutory police authority in the enforcement of the Motor Vehicle Code." Even if we assume the validity of this contention, Defendant does not argue that police authority equates to the authority to issue warrants. Furthermore, we note that MVD's website states, "The New Mexico MVD does not issue warrants of any kind." MVD New Mexico, http://www.mvd.newmexico.gov/resources-forms-
information-drivers.aspx?a61393368fcd45f0b114e845bbc88ae5blogPostId=9d9b0823ee6b4c8d817466ecee8ada6
a (last visited October 31, 2019).

does not identify any sort of process that the "public civil officer at [MVD]" must follow before the purported arrest warrant is issued. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments). However, we need not rely solely on Defendant's undeveloped argument to resolve this matter because we are also not persuaded that the arrest clause is equivalent to an arrest warrant for the reasons that follow.

**{13}** An arrest clause for a suspended or revoked license relates to the authority granted by Section 66-8-122(G). In relevant part, that statute provides:

> Whenever any person is arrested for any violation of the Motor Vehicle Code or other law relating to motor vehicles punishable as a misdemeanor, he shall be immediately taken before an available magistrate who has jurisdiction of the offense when the:
>
> . . . .
>
> G.  person is charged with driving when his privilege to do so was suspended or revoked . . . pursuant to a conviction for driving while under the influence of intoxicating liquor or drugs.

*Id.* This Court has explained that "Section 66-8-122[(G)] requires a person who is arrested for driving on a suspended license to be immediately taken before a magistrate if the person's license was suspended pursuant to certain laws relating to driving while intoxicated (DWI)." *State v. Bricker*, 2006-NMCA-052, ¶ 5, 139 N.M. 513, 134 P.3d 800. "However, when the suspension is not pursuant to those DWI-related laws, [NMSA 1978,] Section 66-8-123[(A) (2013)] requires the arresting officer to release the violator from custody after the officer issues a citation pursuant to which the driver agrees to appear in court." *Bricker*, 2006-NMCA-052, ¶ 5.

**{14}** This Court identified the importance of identifying why a defendant's license had been suspended in *Bricker*. In that case, the defendant was stopped based on suspicion that he was driving with a suspended license. *Id.* ¶ 3. After the defendant was unable to produce his license and the officer was informed by dispatch that defendant's license was suspended, the officer arrested the defendant and took him to the police station for booking. *Id.* At the police station and pursuant to booking procedures, the detention officer went through defendant's wallet, where he located a loaded syringe with contents that tested positive for methamphetamine. *Id.*

**{15}** After being charged with possession of methamphetamine, the defendant moved to suppress the evidence under the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. *Id.* ¶¶ 3-4. At the suppression hearing, the defendant argued that his arrest was not authorized and that the officer should have issued a citation and released him instead. *Id.* ¶ 4. Therefore, the defendant argued that his detention was unlawful, which required the drug-related

evidence to be suppressed. *Id.* After the district court denied the motion to suppress, the defendant entered a conditional plea and appealed. *Id.* ¶ 7.

{16}   This Court noted there was "no evidence in the record that [the officer] knew the basis on which [the d]efendant's license had been suspended when he stopped [the d]efendant or when he arrested [the d]efendant and took him to the police station." *Id.* ¶ 6. Comparing the mandatory language in Section 66-8-122(G) and Section 66-8-123(A), (E), this Court concluded that it did "not believe the Legislature intended to give police officers unbridled discretion to either arrest and book a driver or merely cite and release the driver." *Id.* ¶ 13. Accordingly, this Court held that the officer "was authorized, pursuant to Section 66-8-123(A), only to issue [the d]efendant a citation and release him." *Id.* This Court further held that the defendant's custodial arrest was unreasonable, that the seizure was unconstitutional under Article II, Section 10 of the New Mexico Constitution, and that evidence of the search should have been suppressed. *Id.* ¶ 30.

{17}   Here,  unlike the officer in *Bricker*, the officer did know why Defendant's license was revoked. The officer obtained this information from the MVD record and the information relayed by dispatch; both indicated that there was an arrest clause on Defendant's revoked license. From the limited record before us, it appears that the arrest clause does no more than provide information to the officer on why a person's driver's license is suspended or revoked and, in applicable circumstances, invokes the officer's authority to arrest for a violation of Section 66-8-122(G). Such authority to arrest is different than a mandate directing an officer to make an arrest based on a prior showing of probable cause. *See Black's Law Dictionary* (11th ed. 2019) (defining "arrest warrant" as "[a] warrant issued by a disinterested magistrate after a showing of probable cause, directing a law-enforcement officer to arrest and take a person into custody"). Therefore, we are not persuaded that the arrest clause is equivalent to an arrest warrant.

{18}   Despite our conclusion, we note that Defendant's chosen theory for his motion to suppress led to almost no development of the record regarding how an arrest clause functions. Because of this limitation, our conclusion should not be read to preclude a defendant from developing a record that may persuade a court that an arrest clause and an arrest warrant are equivalent. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties.").

{19}   Defendant's remaining arguments are premised on the arrest clause being the equivalent of an arrest warrant. As fully discussed above, we have concluded that the proper analysis of the legality of Defendant's arrest and subsequent search should proceed under the warrantless standard. However, by failing to brief the warrantless arrest theory on appeal, Defendant abandoned any argument as to his arrest and subsequent search being warrantless, leaving the district court's conclusion under that standard unchallenged on appeal. *See State v. Romero*, 1985-NMCA-096, ¶ 1, 103 N.M. 532, 710 P.2d 99 ("Issues raised in the docketing statement but not briefed on

appeal are deemed abandoned."). Accordingly, we do not further address the legality of his arrest and subsequent search nor whether any evidence obtained from that arrest should be suppressed.

**CONCLUSION**

**{20}**   We affirm.

**{21}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**